### A. FERRIBER *v.* M. LATTING.

Where in answer to a rule to show cause why depositions should not be read in evidence, objections are urged and no disposition is made of the rule, the party objecting has a right on the trial of the case to urge his objections to the introduction of the deposition in evidence.

The caption of the deposition or answers to the interrogatories propounded to the witness showed that he was previously sworn; it appeared also where, when and by what authority the deposition was taken; *Held:* That this was a sufficient *proces verbal* showing the manner in which the commission had been executed and that the witness had been sworn.

By the Act of 1850 clerks of the several District Courts were vested with authority to issue commissions to take the testimony of witnesses in and out of the State.

APPEAL from the District Court of the Parish of Carroll, *Perkins*, J. *L. Selby & L. E. Simonds*, for plaintiff and appellant. *Drew & Bonner*, for defendant.

FERRIBER
v.
LATTING.

VOORHIES, J. The plaintiff is appellant from a judgment rendered against him by the District Court in favor of the defendant. He alleges that the defendant under false pretences received of *Anthony H. Davis*, of Arkansas, the following sums of money belonging to him, to-wit: in January 1849, $400, in March, 1849, $104 83, and in November 1849, $349 18, making an aggregate of $854 00. He prayed for and obtained an attachment on the ground that the defendant was about to remove permanently from the State.

The defendant in his answer owns, that the alleged indebtedness is for money supposed to have been received by him on a certain promissory note given by *Anthony H. Davis*, to *John Preston, Jr.*, as plaintiff's guardian ; that said note was transferred to him by the plaintiff in the year 1846, or 1847 ; and that he has fully accounted to, and obtained from the plaintiff an acquittance therefor. He also pleads compensation, alleging that the plaintiff is indebted to him for board, washing and money lent, goods and property sold, &c., amounting to the sum of $1149 as specified in an account annexed to and made a part of his answer. The prescription of one year is opposed as a bar to this demand.

The plaintiff's counsel has called our attention to a bill of exceptions in the record, on which he relies to exclude the depositions of two witnesses, *Andrew Latting* and *James W. Hale*, taken under commission. There was a rule taken by the defendant on the plaintiff to show cause, under the statute of 1839, why these depositions should not be read. The plaintiff urged the following objections:—Because said depositions were not annexed to any commission, or taken by authority of the court; because there was no sufficient *proces verbal* of the taking of said depositions and because no legal commission had been issued to take the same. There was no action taken on this rule. On the trial of the cause on the merits, the same objections were urged by the plaintiff's counsel and were overruled by the District Judge on the ground that he considered them as waived.

We think the judge erred. Under the statute of 1839, on a rule to show cause, objections founded on irregularity in the execution of a commission, must be urged before the trial of the cause on the merits, otherwise such objections shall be considered as waived. As the plaintiff's objections were seasonably urged, it is clear that they cannot be considered as having been waived by going into the trial of the cause on the merits. Had the other party required it, as he doubtless had the right, he certainly could have had the question raised by the objections previously determined on the rule and thereby protected himself from any surprise, the only relief designed by that statute.

We are of opinion that the plaintiff's objections are untenable. The record shows that on the 29th January, 1851, a commission was issued under the seal of the court, directed to *Alexis Sappington* or *Edward Shaw*, Justices of the Peace, to take the the depositions of *Hale, Latting* and *Shillings*, and that it was made returnable on the 2d Monday of May, 1851. The deposition of the witness *Hale*, was taken under this commission on the 21st February, 1851. The caption under his deposition or answers to the interrogatories propounded to him, shows that he was previously sworn ; it also shows where, when, and by what authority it was taken. Under the statute of 1850, the clerks of the several District Courts were vested with authority to issue commissions to take testimony in and out of the State. We think the deposition was taken substantially in accordance with the requirements of law. In the case of the succession of *Felix Connolly*, (6 A. 479,) on which the plaintiff's counsel relies,

the objection to the evidence was placed on the ground that there was no *proces verbal* showing the manner in which the commission had been executed, or that the witness had been sworn before the deposition was taken. The court said : "It is nothing more than answers to interrogatories, at the close of which these words are found : ' Sworn to and subscribed before me, *L. F. Robertson*, Commissioner.'" The deposition of the other witness was taken before *Edward Shaw, Esq.*, Justice of the Peace, under the same commission on the 25th February, 1851, and appears to have been regularly taken.

On the merits, we think the District Judge erred. The defendant in his own answer admitted the receipt of *David's* note, which the evidence shows amounted to the sum of $700, dated the 11th of May, 1846, payable one year after date and bearing 8 per cent interest per annum until paid ; and that he was accountable to the plaintiff therefor. It is true he averred that he had afterwards accounted to and obtained from the plaintiff an acquittance for the same, but there is no proof of it in the record. When he received the note for collection in 1847, it is not shown, or pretended that there were any credits involved on the same, or claimed by the maker. One of his witnesses testified that the plaintiff requested him " to collect the note and do the best he could with it—even to shave it if he did not get more than five hundred dollars." Nothing shows that the defendant has ever accounted to the plaintiff for the note or any part thereof.

In relation to the demand in compensation, it is shown that the plaintiff boarded at the defendant's about two years, during a part of which time he occasionally worked, but was in bad health. One of the defendant's witnesses testified, that he considered his board to be worth ten dollars per month, and another witness $20. We think twelve dollars and fifty cents, the medium of the estimate fixed by the witnesses may be considered as fair and equitable. We are satisfied from the evidence in the record of the correctness of the items for clothing, cash, gray mare, rifle and gold watch, charged in the defendant's account. In relation to the plea of prescription, it is enough to say, that " compensation takes place of course by the mere operation of law, even unknown to the debtors ; the two debts are uniformly extinguished as soon as they exist simultaneously, to the amount of their respective sums." C. C. 2204. The plaintiff's claim is therefore reduced by compensation to the sum of $193 00, for which he is entitled to judgment against the defendant.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff do recover of the defendant the sum of one hundred and ninety three dollars, with legal interest from judicial demand and the costs of this suit to be taxed ; and to secure the payment of the same, it is further ordered that the attachment be reinstated.