STATE *v.* W. WILSON alias RED BILL—BENJAMIN MASON, Surety.

Where the condition of the bond in a criminal case was that the accused " should personally be and appear before the District Court at its next term to answer certain charges brought against him, and should not depart without the leave of the court *until the final trial and conviction* or *acquittal* of the accused; the responsibility of the security on the bond is at an end when a verdict of guilty is found against his principal.

The accused being then present in court is, after the conviction, in the custody of the Sheriff, and the security cannot be made liable on such a bond because the accused afterwards made his escape.

APPEAL from the District Court of the Parish of Jefferson, *Burthe, J.*
*W. T. Scott,* District Attorney, for plaintiff. *A. N. Ogden & Stansbury,* for defendant and appellant.

COLE, J. The following is the statement of facts agreed upon by the District Attorney and the counsel for defendant :

" On the 15th June, 1858, two indictments were filed against *Red Bill,*—one for assault and battery, and the second for violence, &c., at the polls on election day. He was arrested, and on the 13th June was, by order of the court, admitted to bail in the sum of four hundred dollars in each case, and the Sheriff of the parish was authorized to take the bond."

"The Sheriff took one bond for the sum of eight hundred dollars, conditioned for the appearance of the accused for trial on both charges, assault and battery and for violence, &c., at election."

"Both cases were assigned for trial on the 23d of June, 1858, *Wm. Wilson* alias *Red Bill,* was tried upon the indictment for violence at elections, &c., and was found *guilty* by the jury. The other case against the same party was continued over to the next term of the court."

" Shortly after his conviction, the same day, and while the court was engaged in the trial of another case, the convicted party, *Wilson* alias *Red Bill,* made his escape from the court room and left the parish of Jefferson."

" A capias was issued for his apprehension, and the bonds regularly forfeited. He has been since arrested and was sentenced August 21st, 1858."

If the duty of the Sheriff was not to have taken two bonds, the taking of only one for the aggregate sum of the two cannot augment the responsibility of the security in either of the cases. If the accused complied with the bond in one of the cases in making his appearance, and did not in the other, the amount of the forfeiture could only be four hundred dollars. The District Court gave judgment for the whole amount of the bond, and *Benjamin Mason* the surety, has alone appealed.

The judgment of forfeiture of the bond is as follows: "Saturday, 26th June, 1858, the court this day ordered the Sheriff to produce into court the accused *Wm. Wilson* alias *Red Bill*, to receive the sentence of the law on the verdict of the jury, finding him guilty of threats and violence at the polls. The Sheriff informed the court that the said accused, *Wm. Wilson*, could not be found, he being a fugitive from justice. Whereupon, on motion of the District Attorney, the bond of *Wm. Wilson* alias *Red Bill*, made returnable on the 23d day of June, 1858, was this day called, when it appearing that the said *Wm. Wilson* has not answered and has failed to appear according to the conditions of his bond, his security *Benjamin Mason*, was thereupon called and ordered to produce *instanter*, in open court, the body of *Wm. Wilson*, as he has bound himself to do, and the said security having failed to comply with this the condition of his bond, it is ordered, adjudged and decreed, that judgment be entered *in solido* against *Wm. Wilson* alias *Red Bill* as principal, and *Benjamin Mason* as surety, in the sum of eight hundred dollars and costs, full amount of the bond entered into by them in conformity with an Act of the Legislature of the State of Louisiana, entitled an Act relative to crimes and offences, and criminal proceedings, approved 14th March, 1855."

It is evident that the object of the court in ordering the accused to be called was to pass sentence upon him in the case in which he had been convicted, and not to take any action in the other case, for that had been continued over to the next term of court on the 23d of June, three days previous to the calling of the security upon the bond. After the continuance the accused was not bound to stay for the case which had been continued. If two separate bonds had been taken by the Sheriff, as one of the cases had been continued until the next term of court, it is clear that the court would have ordered the parties to the bond to be called only upon the bond which had been given for the appearance of the accused in the case in which he had been found guilty.

Even then, if the accused did not comply with the part of the bond which related to his appearance in the case in which a conviction had been obtained, the bond ought only to have been forfeited for one-half thereof.

We are, however, of opinion, that the accused complied with his bond even in the prosecution in which he has been convicted, and that the judgment must be reversed so far as the security is concerned, for the accused cannot be benefited by our judgment, as he has not appealed.

The bond sets forth that *Wilson* alias *Red Bill*, as principal, and *Benj. Mason* as surety, are indebted *in solido* unto the Governor of the State in eight hundred dollars, "upon condition, nevertheless, if the said *Wm. Wilson* shall personally be and appear before the Third Judicial District Court of the State of Louisiana, to be held at the town of Carrollton, on Wednesday, the 23d day of June, A. D. 1858, or if the said court should not be held on the day last aforesaid, then on the first day thereafter that the said court shall be held, then and there to answer *unto two charges* brought against him for assault and battery, and threats and

violence at the polls, and shall not depart without the leave of the court, *until the final trial and conviction* or acquittal of the said *Wm. Wilson*, and shall keep the peace in the mean time ; then this recognisance to be void, otherwise to remain in full force and effect."

The accused was in the custody of his security according to this bond until the verdict of the jury pronounced him guilty, but after that his responsibility ended. The accused was in the court room when he was convicted and did not depart therefrom until a short time after his conviction.

Blackstone says, if the jury find the accused guilty, he is then said to be *convicted* of the crime whereof he stands indicted, which conviction may accrue two ways, either by his confessing the offence and pleading guilty, or by his being found so by the verdict of his country. Blackstone, Book IV, p. 362. After trial and conviction, the judgment of the court regularly follows, unless suspended or arrested by some intervening circumstance. Blackstone, Book IV, p. 365.

Chitty declares, that in order to urge the *disability against a witness* with effect, it is necessary to *prove* the record of the *judgment*, as well as *conviction*, lest any objection should have defeated it in arrest of judgment; and the admission of the witness himself will not suffice, without a copy both of the *judgment* and *conviction*. Chitty on Criminal Law, vol. 1, p. 601. When the prisoner is convicted by the jury, he is put aside from the bar, to await the delivery of his sentence. Chitty vol. 1, p. 648. When the defendant has been found guilty in the court of King's Bench, it is necessary that four days should elapse between the *conviction* and *judgment*. Chitty vol. 1. p. 653.

It is evident from the authorities, that the conviction was perfectly accomplished, when the jury rendered the verdict of guilty. The obligation of the bond was that the accused should be then present in court. He was there present and did not depart until a short time afterwards. The security is not, therefore, liable upon his bond.

It is, therefore, ordered, adjudged and decreed, that the part of the judgment which condems *Benjamin Mason* as surety to pay eight hundred dollars and costs *in solido* with *Wm. Wilson* alias *Red Bill* as principal, be avoided and reversed, so far as said *Mason* is concerned, reserving to the State the right of action, if any such she have, for one-half of the bond in the case which was continued, in the event of the default of the accused to comply with the conditions thereof.

MERRICK, C. J., concurring. Without expressing an opinion upon the bond, under the admissions in the record, I prefer to put my concurrence on the case of the *State* v. *Hammill*, 6 An. 257.

LAND, J., concurring. In my opinion, the judgment of the lower court should have been for four hundred dollars instead of eight hundred.

Upon the grounds of the *arrest, sentence,* and *punishment* of the *accused, subsesequently* to *his escape*, I concur in the judgment.