627 So.2d 252 (1993)
STATE of Louisiana, Plaintiff-Respondent,
v.
James R. TOWNLEY, Defendant-Relator.
No. K92-1190.
Court of Appeal of Louisiana, Third Circuit.
November 18, 1993.
*253 James R. Townley, DeQuincy, for applicant.
Paul Peter Reggie, Asst. Dist. Atty., Lake Charles, for respondents.

ORDER
WRIT GRANTED AND MADE PEREMPTORY:
We find relator's prior convictions of simple burglary and simple criminal damage to property were not final at the time relator committed the crime of simple escape. State v. Lewis, 564 So.2d 765 (La.App. 2 Cir.1990), citing State v. Gani, 157 La. 231, 102 So. 318 (1924).
Accordingly, relator's adjudication and sentencing as a third felony offender is vacated and set aside and an adjudication as a second felony offender is hereby entered. This case is remanded to the trial court for resentencing of the defendant as a second felony offender.
SAUNDERS, Judge, dissents finding the current jurisprudence regarding La.R.S. 15:529.1, which requires a "final conviction" for adjudication as an habitual offender is founded exclusively on the holding in State v. Gani, 157 La. 231, 102 So. 318 (1924). However, a careful analysis of the Gani decision leads to the inevitable conclusion that the result obtained was not supported by the prevailing law or jurisprudence. It follows that the cases which relied upon Gani are, likewise, fatally flawed and should be overruled.
At issue in the case sub judice is the interpretation of the statutory language contained in La.R.S. 15:529.1, which states, in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
The question presented in relator's case concerns the meaning of the term "conviction" as used in this statute.
In Gani, supra, the defendant was convicted of a second offense sale of intoxicating liquor for beverage purposes. Act 39 of the 1921 Legislative Session prohibited such sale, and stated, in part:
Section 3. That any person who shall violate the provisions of this Act by manufacturing, or having in possession, for sale, or, by selling intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense, shall be fined not less than one hundred dollars ($100.00), nor more than one thousand dollars ($1000.00), and be imprisoned not less than thirty days nor more than twelve months; and any person who shall otherwise violate the provisions of this Act shall, upon conviction, be fined as herein above provided, or, may be imprisoned not exceeding the maximum limits herein above provided, or, may be both fined and imprisoned, at the discretion of the court.
The Gani court concluded that the term "conviction" as used in this statute meant "a judgment become final, either because not appealed from or because of having been affirmed on appeal." Gani at 234, 102 So. 318. This conclusion is clearly refuted by a plain reading of the text of the statute and a review of then existing law and jurisprudence.
*254 In State v. Wilson, 14 La.Ann. 446 (1859), the court stated that "the conviction was perfectly accomplished when the jury rendered the verdict of guilty." The court unmistakably drew a distinction between trial, conviction and judgment, noting that a defendant is convicted either by "confessing the offense or by his being found so by the verdict of his country." Wilson at 448. Further, the Wilson court cited existing authority, which held that "when the defendant has been found guilty" it is necessary that a period of time should elapse "between the conviction and judgment."
Later, in State v. Moise, 48 La.Ann. 109, 18 So. 943 (1895), the supreme court reiterated its earlier holding that the term "conviction" means a finding of guilt by the jury. The Moise court examined the meaning of the terms "conviction" and "after conviction," as used in Article 66 of the Constitution of 1879. [In addition, see La. Const. art. 9 (1879), and La. Const. art. 12 (1898), which use the term "after conviction" in reference to bail provisions.] The court examined numerous other statutes and constitutional provisions where the term "conviction" was used and concluded that it "signifies that the defendant's guilt has been ascertained by the verdict of the jury." Moise, 18 So. at 949. Additionally, the court stated that this "conviction" is distinguishable from the sentence, the appeal, and the execution of the decree of the court. Moise, at 949. The "judgment" of the court is the sentence imposed upon the defendant. Moise, at 948. The Moise court also refers to the jury verdict as the final conviction. Moise, at 949.
The Gani court, therefore, erroneously failed to recognize this clearly-drawn distinction between "conviction," which involves only the verdict of the jury or the entry of a plea of guilty, "judgment," which includes the sentence of the court, and appeal or execution of the judgment, in interpreting the intent of the legislature. Further compounding the problem, Gani states:
Now, since it is a fundamental maxim of law that a man is presumed innocent of crime until his guilt be established according to law, it follows that the only evidence of a man's guilt is a conviction in due form. But the term "conviction" has a twofold meaning, according to the sense in which it is used. It may mean only the verdict; but it may also mean the judgment pronounced upon such verdict, by virtue of which alone the penalty attaches. State v. May, 9 La.Ann. 69; State v. Pratt, 9 La. Ann. 169.
However, neither the May nor Pratt decisions even remotely imply that the term "conviction" can also mean "judgment." Indeed, the cases stand for the opposite conclusion.
In both May and Pratt, the court was called upon to decide the issue of when appellate jurisdiction attaches. Both defendants attempted to appeal prior to the imposition of sentence. In explicit and unambiguous language, the court stated that the defendants were "convicted by a jury," and that the defendants improperly appealed "before judgment and sentence." May at 69. The court noted the same facts in Pratt and held the case indistinguishable in principle from May.
These two cases which were cited for support by the Gani court were the only Louisiana authority given by the court. The remainder of the cases cited came from an article at 16 C.J. Criminal Law, § 3002 no. 13 (1918). These were all common law cases, from states other than Louisiana, and clearly provided no insight into the intent of the Louisiana Legislature when it enacted Act 39 of 1921.
Furthermore, following Gani, the supreme court continued to recognize the clear distinction between conviction and judgment. In State v. Leblanc, 160 La. 1053, 108 So. 87 (1926), the supreme court noted that "the defendant has no right of appeal except from a conviction and sentence." This principle is carried forward in La.C.Cr.P. art. 912, which states that "only a final judgment or ruling is appealable."
In reviewing Act 39 of 1921, which was at issue in Gani, it is clear that the legislature also intended the term "conviction" to mean the finding of guilt by the jury or the plea of the defendant, and not the judgment of the trial court or appeal process. The act states *255 that "upon conviction for the first offense" the offender "shall be fined ... and be imprisoned," and that any person otherwise violating the act "shall, upon conviction, be fined" and "may be imprisoned" as provided. This text can only mean that "conviction" is separate and distinct from the judgment of the court, which is the sentence imposed. To hold otherwise would mean that a sentence could never be imposed until the "conviction," or "final conviction," has proceeded through the appeal process. This proposition has been squarely rejected by the courts.
In addition, the act at issue in Gani stated that "the court, after the trial of the accused, shall order all liquors and property illegally held by the accused at the time of the seizure, to be immediately and publicly destroyed. This provision contemplates immediate destruction, after trial, and does not indicate in any way that such destruction must be postponed until the case has been appealed and a "final conviction" obtained.
In reaching its erroneous interpretation of the term "conviction" as contained in Act 39, the court violated the most fundamental principles of statutory interpretation in the civilian system. "When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." Digest of the Civil Laws, Ch. IV, Art. 13 (1808). Further, "the judge cannot, in a criminal matter, supply by construction anything omitted in the law." Digest of the Civil Laws, Ch. IV, Art. 22 (1808). A noted civil law commentator has stated that "it is a very rigorous rule of interpretation that no distinction must be drawn where the law draws none." 1 Planiol, Traite' Elementaire De Droit Civil, no. 217 (12th ed. 1939). Additionally, if there is no clear intention on the part of the legislature to change the law, "it should be assumed that the old rules have been implicitly retained." 1 Traite', no. 219.
The Gani court clearly "read into" Act 39 of 1921 something that was not there and not intended by the legislature. Jurisprudence prior to and after Gani clearly deemed "conviction" to mean a finding of guilt by a jury, whereas "judgment" included the sentence imposed. Act 39, by its text, unmistakably referred to conviction and judgment as being separate. The term conviction, therefore, must have referred to the jury's determination of guilt or the entry of a plea of guilty. Since this is the case, and as there is absolutely no language in Act 39 to indicate otherwise, the Gani court erred in concluding that "conviction," as used in the act, "means a judgment come final."
Accordingly, the progeny of Gani, which rely primarily on the case for support, are also in error and should be overruled. This includes the case of State v. Lewis, 564 So.2d 765 (La.App. 2 Cir.1990), which relator relies on in the instant case in asserting he was improperly adjudicated to be a third felony offender.