(102 So. 318)

No. 26696.

STATE v. GANI.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞1111(3) — Statement of facts in bill of exception conclusive on appeal, when evidence not annexed.**

Statement of facts of the trial judge in a bill of exception is accepted by the Supreme Court as conclusive, when the evidence on the subject is not annexed to the bill.

2. **Criminal law ☞1159(2)—Supreme Court cannot pass upon sufficiency of evidence to support conviction.**

Supreme Court cannot pass upon sufficiency of evidence to support conviction, since that is exclusive province of trial judge and jury.

3. **Criminal law ☞1134(3)—Total absence of evidence against accused presents question of law which Supreme Court may decide.**

Total absence of evidence against accused presents only a question of law, which the Supreme Court may decide, as distinguished from its lack of authority to pass upon sufficiency of evidence to support conviction.

4. **Criminal law ☞1202(1)—One cannot be convicted as for second offense until final judgment of "conviction" for first offense.**

One cannot be convicted as for a second offense until he has been convicted for a first offense; former "conviction" meaning a judgment become final, either because not appealed from or because of having been affirmed on appeal, as distinguished from "verdict."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convicted—Conviction.]

5. **Criminal law ☞1202(3)—Evidence of former conviction must be before court at least at time when second conviction is had.**

In order to justify a conviction as for a second offense, the evidence of the former conviction must be before the court at least at time when second conviction is had.

6. **Criminal law ☞1211—Sentence fixing penalty as for second offense held unwarranted.**

Sentence fixing penalty as for second offense *held* unwarranted, where, though before trial accused's conviction on first offense was affirmed by Supreme Court, the application for rehearing had not been denied until after conviction on second offense.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thomas F. Porter, Judge.

Robert Gani was convicted of selling intoxicating liquor for beverage purposes, and sentenced as for a second offense, and he appeals. Judgment appealed from annulled and set aside, and case remanded, with instructions.

A. R. Mitchell, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Griffin T. Hawkins, Dist. Atty., and John J. Robira, Asst. Dist. Atty., both of Lake Charles, Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. On April 25, 1924, defendant was charged with having sold intoxicating liquor for beverage purposes. It was also charged that this was his second offense.

On May 1st he was tried and convicted; and then sentenced as for a *second offense.* His appeal presents only one bill of exception, to wit, to the refusal of the trial judge to grant him a new trial, applied for on two grounds.

I.

He complains that "there was no legal evidence offered by the state to identify the liquor offered in evidence (over defendant's objection) as the identical liquor sold by the defendant." But this is disposed of by the trial judge in his *per curiam,* wherein he says:

"The liquor in question was fully identified by one of the prosecuting witnesses, who swore to the purchase. The testimony of this witness and others established the sale and the identity of the whisky beyond any question of a doubt."

[1] In the first place, a statement of facts by the trial judge in a bill of exception is always accepted by this court as *conclusive*, when the evidence on the subject is not annexed to the bill. State v. Poole, 156 La. 434, 100 So. 613, and authorities there cited.

[2, 3] In the next place, even had the evidence been annexed to this bill, we would not have been at liberty to consider it. For the question presented was as to *sufficiency* of the evidence to support the conviction; and for this court to pass upon that would be to pass directly upon the guilt or innocence of the accused, which this court cannot do.

Where there is *some* evidence to sustain the conviction, no matter how little, this court cannot pass upon the *sufficiency* thereof. That comes within the exclusive province of the trial judge and jury. Aliter where there is *no evidence at all;* for that would present only a question of law, to wit, whether it be lawful to convict an accused without evidence whatsoever as to his guilt. See State v. Bush, 156 La. 973, 101 So. 382; State v. Wells, 147 La. 822, 86 So. 268.

II.

[4] The defendant complains that he was illegally convicted as for a *second offense* for this, to wit, that at the time of his trial, the conviction set forth as the *first offense* was then pending on appeal before *this* court, and said conviction was not then final. Now the fact is that his conviction for the *first* offense had been *affirmed* by this court, to wit, on April 30th, the day before his trial for the alleged second offense; but, on the other hand, the delays within which to apply to this court for a *rehearing* on his said appeal had not yet expired, and his application for rehearing was denied by this court only on No-

vember 3d. See our No. 26315, State v. Robert Gani, 157 La. 5, 101 So. 726.

Now, since it is a fundamental maxim of law that a man is presumed innocent of crime until his guilt be established according to law, it follows that the only evidence of a man's guilt is a *conviction* in due form. But the term "conviction" has a twofold meaning, according to the sense in which it is used. It may mean only the *verdict;* but it may also mean the *judgment* pronounced upon such verdict, by virtue of which alone the penalty attaches. State v. May, 9 La. Ann. 69; State v. Pratt. 9 La. Ann. 169.

"The ordinary meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution, is the confession of an accused in open court or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt, while the sentence or judgment is the appropriate word to denote the action of the court before which the trial was had in declaring to the accused the consequences of the fact thus ascertained. Thus the sentence is no part of the conviction, but is based thereon—citing inter alia, State v. Moise, 48 La. Ann. 109, 18 So. 943, 35 L. R. A. 701. *However, the term is sometimes used to denote a final judgment, implying, not only a verdict, but also a judgment based thereon by the court; as, for example, when conviction is made the ground of some disability or special penalty, in which case a final adjudication by judgment is necessary.* (Italics ours.) 16 Corpus Juris, 1266, 1267—citing, inter alia, Faunce v. People, 51 Ill. 311; Dial v. Commonwealth, 142 Ky. 32, 153 S. W. 976; Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431; Smith v. Commonwealth, 14 Serg. & R. (Pa.) 69; Commonwealth v. Miller, 6 Pa. Super. Ct. 35."

See, also, State v. Volmer, 6 Kan. 579.

We are therefore of opinion that there can be no conviction as for a second offense until there has been a conviction for a first offense; and that such former *conviction* means a judgment become final, either because not appealed from or because of having been affirmed on appeal. And the evidence of such former conviction must be before the court

*at least* at the time when the second conviction is had.

[5] In the case before us there was, and could be, no evidence before the trial judge showing a former conviction; for the judgment of this court affirming the sentence for the first offense became final only long after the imposition of the sentence herein.

Accordingly, we think the sentence herein imposed, fixing the penalty as for a *second offense*, was not warranted by law and should be set aside; and that this case should be remanded to the lower court to have the penalty imposed *nunc pro tunc* as for a *first offense*.

### Decree.

The judgment herein appealed from is therefore annulled and set aside; and the case is now remanded to the court below, with instructions to sentence the defendant as for a *first offense* only.