(109 So. 413)

No. 27994.

## STATE v. MOFFETT.

(May 31, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⚖1158(1).**

In criminal case trier of facts is sole judge thereof, and under Const. art. 7, § 10, Supreme Court is without jurisdiction to determine sufficiency of evidence to sustain conviction.

**2. Criminal law ⚖1159(2).**

Where no evidence appears in support of verdict, Supreme Court may reverse, but it cannot pass on sufficiency of evidence.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Leone Moffett was convicted under Rev. St. § 792, of assault by willfully shooting at another, and she appeals. Affirmed.

Johnston Armstrong, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Henry Mooney, Dist. Atty., and J. Bernard Cocke, both of New Orleans, for the State.

BRUNOT, J. The accused was arraigned, tried, convicted, and sentenced for the crime of "assault by willfully shooting at," one of the offenses denounced by section 792, R. S., as amended.

From the verdict and sentence she appealed.

There is but one bill of exception in the record. It was reserved to the overruling of a motion for a new trial.

The motion alleges that the verdict is contrary to the law and the evidence; that it is contrary to the law because there was no proof that defendant shot at the party alleged to have been assaulted; that the proof offered by the state showed that the party alleged to have been shot at was behind the defendant, holding her left shoulder and right arm at the time the shots were fired, and that the shots were fired in the opposite direction from the party alleged to have been shot at; that proof of a deliberate shooting at a person within shooting distance is essential to the commission of the crime alleged; that the court erred in charging the jury that "where there is proof beyond a reasonable doubt that an assault has been committed, it is not a defense to such assault that it was intercepted or interrupted by some extraneous force"; and that the court erred in failing to charge the jury that it might also render the following verdicts: "assault with a dangerous weapon" or "assault."

While the motion for a new trial is attached to and made a part of the bill of exceptions, the bill itself, and counsel in his brief, urges only the insufficiency of the evidence as a reason for a reversal of the verdict. In this respect the bill recites:

"That the state of Louisiana, in the presentation of its case did not offer any testimony on an essential fact necessary to the commission of this crime, to wit: That the party alleged to have been shot at, was in fact shot at. The proof being that shots were fired away from and in the direction opposite to the party alleged to have been shot at; that no matter what may have been the intent of the accused, the proof established at the most that only an attempt to shoot at was made, which is not a crime in the statutes of this state."

To the bill of exceptions the trial judge says by way of per curiam:

"In my opinion the state made out a case beyond any reasonable doubt, and the verdict of the jury is abundantly supported by the evidence adduced at the trial and the law applicable to the case."

[1] All the evidence taken during the trial upon the question of the guilt or innocence of the accused is attached to the bill of exceptions, and counsel seeks to have us review that testimony to ascertain whether or not the jury had sufficient evidence before it upon which to base its verdict. In criminal cases, the jury or the judge, as the case may

be triable by one or the other, are the sole judges of the facts. In such cases our jurisdiction is limited, by section 10 of article 7 of the Constitution, to questions of law alone.

Counsel cites State v. Gani, 157 La. 231, 102 So. 318; State v. Dunnington, 157 La. 370, 102 So. 478; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Wells, 147 La. 822, 86 So. 268; State v. Tyler, 150 La. 132, 90 So. 538; State v. Fairbanks, 115 La. 457, 39 So. 443. In the Gani Case it was held that—

The "Supreme Court cannot pass upon sufficiency of evidence to support conviction, since that is exclusive province of trial judge and jury."

In the Dunnington Case it was held that—

The "Supreme Court will not pass upon or determine sufficiency of evidence to convict, however manifest such insufficiency may appear to the court."

In the Giangosso Case it was held that—

The "Supreme Court will not examine the evidence, even though attached to and brought up with bill of exceptions to overruling of motion for new trial, to ascertain whether the evidence was sufficient to justify verdict."

In the Tyler Case the ruling was to the same effect.

[2] The doctrine of all of the cited cases is expressed in State v. Wells in the following language:

"If an accused appears to have been convicted without any evidence at all having been produced against him, literally none at all, a question purely of law is presented on appeal; but the appellate court cannot pass on the sufficiency of the evidence, where there is some evidence against the accused.'

In this case the bill itself and the judge's per curiam show that much evidence was offered in support of the charge against the accused. Counsel's contention is that the evidence offered does not establish all of the essential elements of the crime charged, while the trial judge says that the crime was abundantly proven beyond a reasonable doubt. It is our opinion that the bill of exceptions merely challenges the sufficiency of the evidence upon which the verdict of the jury is based. We cannot consider that question, and therefore the verdict and sentence appealed from are affirmed.