Leslie Stephen **BRANNUM**

v.

**UNITED STATES BOARD OF PAROLE.**

Civ. A. No. 18354.

United States District Court, N. D. Georgia, Atlanta Division.

July 27, 1973.

Leslie Stephen Brannum, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony Arnold, Asst. U. S. Atty., Atlanta, Ga., for defendant.

---

## ORDER

EDENFIELD, District Judge.

The petitioner was serving an aggregated sentence of six and one-half years at the time of his mandatory release on August 20, 1971. At the time of his release the petitioner had 664 days to be served as if on parole pursuant to 18 U. S.C. § 4163. On September 11, 1972, a violator's warrant was issued for the petitioner charging him with:

(1) *Disorderly Conduct and Intoxication*

On July 10, 1972, Brannum was arrested by Hamilton, Ohio police after he was observed in an intoxicated condition entering a tavern carrying a shotgun. He failed to appear in Hamilton Municipal Court on July 13, 1972, and a bench warrant was issued. Disposition is pending. His present whereabouts is unknown.

(2) *Leaving District Without Permission*

Supervising U.S. Probation Officer has not seen Brannum since his arrest of July 10, 1972. However, U.S. Probation Officer, Sacramento, California, advised that Subject was in the Sacramento area on or about August 23, 1972.

(3) *Failure to Submit Supervision Report as Required*

Brannum has failed to submit his written monthly supervision report for July, 1972, as required.*

The *Order and Reasons* which has been identified as the relevant Parole Board record sets forth the grounds upon which petitioner's parole was subsequently revoked:

Charge 1. *Disorderly Conduct and Intoxication*

BASIS: Police report dated July 10, 1972 and U.S. Probation Officer's report of July 27, 1972.

Charge 2. *Leaving District Without Permission*

BASIS: You admitted to this Examiner that you left the Southern District of Ohio without permission and travelled to Sacramento, California concomitant with U.S. Probation Officer's letter of August 9, 1972.

Charge 3. *Failure to Submit Supervision Report as Required*

BASIS: You admitted to this Examiner that you failed to submit your supervision report for July 1972, as you had absconded from supervision.

Charge 4. *Possession of a Dangerous Weapon, namely a Shotgun*

BASIS: You admitted that you had in your possession a shotgun at the time of your arrest which is further substantiated by the Police report dated July 10, 1972, and U.S. Probation Officer's report of January 10, 1973.

(Government exhibit "C".)

The petitioner alleges that a hearing on the charges set forth in the violator's warrant did not take place until after four months of incarceration and then it was given with only one day's notice and at a place not local to the scene of the alleged violations. The petitioner claims that he had requested a local hearing and that at such a hearing he would have produced witnesses to support his claim that he had not violated parole. The petitioner also alleges that he had never been informed as to the outcome

---

* Government exhibit "B".

of the hearing or given notification as to why his parole had been revoked. Finally the petitioner urges that whatever violations of his parole were found by the Board, they were not constitutionally sufficient to justify revocation.

Pursuant to an order of this court dated May 23, 1973, in which the petitioner was permitted to file in forma pauperis for the writ of habeas corpus, the government has responded as to why the requested relief should not be granted.

The government contends that with regard to the alleged lack of notice that petitioner's parole was to be revoked the *Statement of Parolee* (government exhibit "D") and the warrant application (government exhibit "B") should have been sufficient to apprise the petitioner of the pending action against him. However, the *Statement of Parolee* also indicates that the petitioner requested a local hearing. The government contends that the petitioner had appointed counsel at his hearing but never requested the presence of any witnesses and, accordingly, there was no prejudice to the petitioner's defense in not being afforded a local hearing. The relevant Parole Board Regulation provides that "If the prisoner requests a local hearing prior to return to a Federal institution in order to facilitate the retention of counsel or the production of witnesses, and if he has not been convicted of a crime committed while under community supervision, and if he denies that he has violated any condition of his release, he shall be afforded a local revocation hearing reasonably near the place of the alleged violation. . . ." 28 C.F.R. § 2.40. The petitioner, however, states flatly that he requested a local hearing for the sole purpose of producing witnesses. Moreover, the petitioner claims that tape recordings and a transcript were made at the hearing and will support his allegations.

Uncontested by the government is the allegation made by petitioner that he was given only one day's notice prior to his hearing and the government offers no explanation as to why the petitioner was confined for four months prior to being afforded a hearing. Instead, the suggestion is made that "leaving the district" and "failing to submit reports" are violations which would not necessarily require a hearing at or near any particular place. As previously noted, the Parole Board merely stated four grounds for revocation. Whether its decision to revoke the parole of petitioner was based on one or all of these grounds cannot be determined. It seems most likely that all of the grounds stated were figured in the Board's decision. In view of the petitioner's claim that a hearing local to the scene of the alleged violations would have given him the opportunity to produce supporting witnesses, and the government's response thereto, it is clear that there remains in issue a question as to whether petitioner received due process in his parole revocation proceedings.

█ The Supreme Court has recognized that parole revocation proceedings must be accompanied by certain minimal standards of due process. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[1] To alleviate the very same sort of tensions which this case presents, the Supreme Court held that a preliminary probable cause local hearing in which the parolee might present any evidence or witnesses which might be useful in his defense would be

---

1. The minimum requirements of due process in revocation proceedings as set forth in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed. 2d 484 (1972), now require "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

required as part of the process which is due in revocation proceedings. *Id.* at 485, 92 S.Ct. 2593.

In *Morrissey,* the Court stressed the need for timeliness in providing the parolee with a local preliminary and probable cause hearing. The Court placed upon the hearing officer at such a hearing "the duty of making a summary, or digest, of what occurs at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position." *Id.* at 487, 92 S.Ct. at 2603. Thus, as in the instant case, where the government claims that the parolee's request for a local hearing was denied because of a failure to indicate the need for witnesses, positive evidence of such claim should appear in the hearing examiner's summary or digest of the preliminary hearing. As a minimum it should appear in such summary or digest that the hearing examiner questioned the parolee as to the existence of any witnesses upon whom the parolee might wish to rely. Here it is not at all evident from the government's response that petitioner was provided a prompt preliminary hearing or for that matter any preliminary hearing. It is clear that the final hearing did not take place until four months after the petitioner placed himself in the government's custody. *Morrissey, supra,* requires that the revocation hearing take place within a "reasonable" time after the petitioner is taken into custody. *Id.* at 488, 92 S. Ct. 2593. While in *Morrissey* the Court held as not unreasonable a period of two months between the parolee's being placed under custody and the revocation hearing, this court is inclined to hold a period of four months as patently unreasonable if there has been no preliminary probable cause hearing.

Whether the failure of the Parole Board to give the petitioner more than one day's notice prior to his hearing is inconsistent with the due process standard recognized in *Morrissey* must depend of course upon the prejudice, if any, to the parolee's defense. Where a parolee is surprised by a notice of his preliminary or final revocation hearing and is unprepared to defend against the charges of the Parole Board contained in such notice, it would be clear that the due process standard of *Morrissey* had not been observed. *Id.* at 485, 92 S.Ct. 2593. The *Statement of Parolee* signed by the petitioner in this case would indicate that he was aware of the charges against him. The extent of prejudice, if any, to his case caused by the amount of notice he had with regard to the date of hearing remains in issue.

The final contention raised by the petitioner but unanswered by the government is that the violations of the petitioner's parole were constitutionally insufficient to justify parole revocation. For support of this claim the petitioner cites Gibbs v. Blackwell, 354 F.2d 469, 471 (5th Cir. 1965). However, *Gibbs* is distinguishable from the case at bar. There the fact of parole violation was not disputed. The only question was whether such violations as were found were sufficient to justify parole revocation. Here the fact of violation along with substantial questions as to the due process offered the petitioner in his revocation proceedings are contested. Whether each charge against the petitioner or all of the charges taken collectively are sufficient for parole revocation, should not be determined until such time as the court is satisfied that the findings of the Parole Board were reached in a manner consistent with due process.

The government contends that the discretion of the Parole Board is not subject to judicial review so long as there is neither a clear showing of abuse nor a showing that such discretion was exercised arbitrarily. Earnest v. Moseley, 426 F.2d 266 (10th Cir. 1970); Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967); Williams v. Dunbar, 377 F.2d 505 (9th Cir. 1967). However, the court is neither reviewing the findings of the Board nor the discretion it exercised in reaching those findings. Instead, the court is merely attempting to discover whether

the Parole Board afforded the petitioner the procedural protections which are now required in parole revocation proceedings.

In view of the substantial questions which remain in issue, the court concludes that a hearing will be required. At the hearing the government should be prepared to respond to the following:

(1) Was the petitioner afforded a preliminary probable cause hearing?

(2) If so, did the petitioner ever inform his hearing officer that he did not wish to have witnesses present at the local hearing which he did request?

(3) Why was petitioner's revocation hearing not scheduled earlier than four months after he had surrendered himself to government custody?

(4) The government will show the court the summary or digest of the petitioner's statements made during his preliminary probable cause hearing, if any, and the transcript of the petitioner's revocation hearing.

