293 So.2d 530 (1974)
SPORTSERVICE CORPORATION
v.
The DEPARTMENT OF PUBLIC SAFETY et al.
No. 5915.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
*531 William J. Wegmann, Michael D. Charbonnet; Racivitch & Wegmann, New Orleans, for Sportservice Corp., plaintiff-appellant.
Robert L. Roshto, for Commission on Alcoholic Beverage Control, Baton Rouge, defendant-appellee.
Before STOULIG and BOUTALL, JJ., and MARCEL, J. Pro Tem.
BOUTALL, Judge.
The Commission on Alcoholic Beverage Control, after a hearing, revoked the 1972 State Retail Liquor Permit and two 1972-1973 State Retail Beer Permits held by Sportservice Corporation, the appellant herein. The corporation appealed to the Twenty-Fourth Judicial Court for the Parish of Jefferson and that court issued judgment reversing the revocation of the liquor permit, but maintaining the revocation of the two beer permits. From that portion of the judgment revoking its two beer permits, Sportservice Corporation has taken this appeal.
The Commissioner, appellee herein, has filed a motion to dismiss the appeal based upon two grounds: 1. That the appeal bond was not timely filed, and hence we have no jurisdiction to entertain the appeal; and 2. that the appellant has voluntarily surrendered its permits and the matter is moot. As to the first of these, that is, the timely filing of the appeal bond, we have made inquiry into the facts on our own motion to determine if we had jurisdiction, and we have previously ruled that the appeal bond was timely filed. For this reason we see no need to discuss that contention.
As to the second contention, that is, that the appellant has given up its beer permits and the issue is moot, we find no reason to dismiss. The motion alleges that on February 15, 1973 a Louisiana Corporation known as Louisiana Sportsystems, Inc., filed application for permits to sell beer at the very same locations wherein appellant previously did business, and that at the same time appellant surrendered its permits for cancellation, whereupon the new corporation was granted permits. The motion further discloses that the principal stockholders of Louisiana Sportsystems, Inc. are the very same people who are the interested parties in this suit. Under these allegations, we would ordinarily feel compelled to remand the matter to the District Court for evidence upon which to base a determination as to this issue, but here we feel that it is not necessary. At the time stated there was still pending in the District Court a motion for a new trial, which was not decided until April 19, 1973. The record further discloses a stipulation between all the parties that at the time of the administrative hearing all of the permits were valid and outstanding, and the evidence dicloses that the same situation pertained at the time of trial. Thus the Commissioner was well aware of these circumstances at a time when he could have made complaint to the lower court and had consideration of this matter on the judgment rendered therein. In any event, assuming the allegations in the motion to dismiss are correct, and particularly that the stockholders and interested parties in each case are the same, we feel that the issue is not moot. The Alcoholic Beverage Laws of Louisiana allow the Commissioner to refuse to issue a permit whenever an applicant has had a permit revoked. In view of this provision of the law, our courts have held that even though a current permit which is under suspension or revocation has expired, nevertheless the right of the permittee to secure future permits are impaired, *532 and a justiciable issue still remains. Brumfield v. Louisiana Board of Alcoholic Beverage Control, 265 So.2d 302 (La.App. 4th Cir. 1972); Xavier University v. Thigpen, 151 So.2d 550 (La.App. 4th Cir. 1963). In view of the allegations contained in the motion to dismiss, we see no difference between the situation where the permit expires because it had run its term, or where the permittee has apparently simply substituted one corporation for another for the handling of its business. The motion to dismiss is denied.
Considering now the merits of the case, it may be well at this time to set out a calendar of events to aid in understanding the issue before us.
The appellant, Sportservice Corporation, is owned by Emprise Corporation, stockholder of approximately 95% of the outstanding stock, and by the Estate of Louis M. Jacobs, stockholder owning approximately 5% of the stock. Emprise Corporation is in turn owned by various members of the Jacobs family. Sportservice Corporation was the holder of a liquor permit and two beer permits during 1971, and on January 1, 1972 was issued a new retail liquor permit for the calendar year 1972. On April 26, 1972 Emprise Corporation was convicted by a jury of a violation of 18 U.S.C. § 371: Conspiracy; and 18 U.S. C. § 1952: Interstate Transportation in Aid of Racketeering in case # 8975 on the Criminal Docket of the United States District Court for the Central District of California. A judgment of guilt and conviction was thereupon entered by the District Judge on July 10, 1972, and Emprise Corporation was sentenced to pay a fine in the amount of $10,000. On that same date, the corporation applied for and received a stay of execution of the sentence and filed notice of appeal. An examination of the Statutes disclose that the violation thereof constituted a felony.
Between the Jury verdict and the judgment of guilt, on May 1, 1972, the appellant filed its applications for beer permits for the fiscal year July 1, 1972 through June 30, 1973. The application was denied by the Department of Revenue on June 21, 1972 on the ground that the applicant did not meet the qualifications necessary as set out in LSA-R.S. 26:279(A) (5). On June 30, 1972, appellant appealed its denial to the Twenty-Fourth Judicial District Court, and after hearing had on July 20, 1972, that court rendered judgment requiring the Department to renew the beer permits, reserving the right of the Revenue Department to seek further administrative remedies. Accordingly on July 27, 1972 the beer permits were issued. By virtue of a change in the Acoholic Beverage Statutes of Louisiana, the Department of Revenue was succeeded by the Commissioner on Alcoholic Beverage Control. Accordingly on August 9, 1972 the new Commissioner provoked a hearing to revoke both the beer and the liquor permits of the appellant. Judgment was rendered on August 24, 1972 revoking both permits.
The appellant appealed the Commissioners decision of revocation to the Twenty-Fourth Judicial Court for the Parish of Jefferson for a trial de novo on August 29, 1972. That court, after hearing, decided that the Commissioner was in error in revoking the liquor permit and reversed that decision. However, the court held that the Commissioner was correct in revoking the two beer permits and affirmed the Commissioner's decision in that regard. This appeal, limited only to the inquiry into the revocation of the two beer permits, followed.
The appellant has urged to us six grounds of error, ranging from an attack on the constitutionality of the new law setting up the Commission on Alcoholic Beverage Control, Act. No. 128 of 1972, to a determination of whether the U. S. District Court for the Central District of California correctly convicted Emprise Corporation for acts done by a corporate predecessor. Because of our holding herein, we see no necessity to comment upon the various allegations of error since such comments *533 would be simply dicta. In our consideration of the case, we conclude that the procedural status of the United States prosecution does not meet the requirements of having "been convicted of a felony under the laws of the United States" as set out in LSA-R.S. 26:279(A)(5). Hence further inquiry is unnecessary.
The pertinent parts of LSA-R.S. 26:279 are as follows:
"[Section] A. Applicants for State and local permits of all kinds shall meet the following qualifications and conditions:
* * * * * *
"[Section] (5) has not been convicted of a felony under the laws of the United States, the State of Louisiana, or any other State or Country. * * * *
"[Section] C. If the applicant or any other person required to have the same qualifications, does not possess the required qualifications, the permit may be denied, suspended or revoked."
The precise issue is whether the appellant "has not been convicted of a felony" in the proceedings in the United States District Court. In this regard we quote with approval the following statements from 48 C.J.S. Intoxicating Liquors § 175, page 285:
"If the Statute directs the revocation of the license on `conviction' of such an offense there must first have been a final judgment, conclusively establishing guilt, rendered by a court of competent jurisdiction; but when the cause of revocation is specified as a `violation' of the laws, the licensing authorities may act on other evidence than a judgment of conviction, and the license may be revoked, even though the licensee has been acquitted of a criminal charge for the same violation as is made the basis of the revocation."
An examination of the Alcoholic Beverage Statutes, and especially those involving beverages of low alcoholic content as here under consideration, discloses a similar use and distinction of these words. We note for example the use of the word convicted in the above quoted section of the Statute, yet simple violation of any of the prohibited Acts in LSA-R.S. 26:285[1] with or without criminal proceedings, is sufficient to cause revocation or suspension. The following section, that is Section 286, lists additional causes, and as to some of these [Section 286(3)][2] it is only necessary that the permittee has been found guilty by the trial court.
Our attention is directed to the Louisiana Code of Criminal Procedure which offers the following definition in Article 934: "Convicted means adjudicated guilty after a plea or after trial on the merits." However the article itself provides that the definition only applies where the context does not indicate otherwise, and it is noted that the definition was apparently established to create a definite point in time to govern the rules applying to certain procedural matters, such as bail and appellate *534 procedures. However, the finality of a judgment of conviction when appeal is taken is provided for in C.Cr.P. Art. 922, after the appeal is disposed of by the appellate court. This meaning is explained by the Supreme Court of Louisiana in the case of State v. Gani, 157 La. 231, 102 So. 318 (1924), the rationale of which we believe to be determinative of the issue here.
"`The ordinary meaning of "conviction", when used to designate a particular stage of a criminal prosecution, is the confession of an accused in open court or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt, while the sentence or judgment is the appropriate word to denote the action of the court before which the trial was had in declaring to the accused the consequences of the fact thus ascertained. Thus the sentence is no part of the conviction, but is based thereonciting inter alia, State v. Moise, 48 La.Ann. 109, 18 So. 943, 35 L.R.A. 701. However, the term is sometimes used to denote a final judgment, implying, not only a verdict, but also a judgment based thereon by the court; as, for example, when conviction is made the ground of some disability or special penalty, in which case a final adjudication by judgment is necessary.'" (Citations omitted.)
A similar result is reached under the United States Judicial system, under which the criminal proceeding arose. Unquestionably, the judgment and sentence imposed by the judge after a verdict by the jury constitutes a final judgment in accordance with Rule 32 of the Federal Rules of Criminal Procedure. However the matter does not end there, for final decisions of the U. S. District Courts are appealable to the Courts of Appeal, 28 U.S. C.A. § 1291. This section is supplemented by procedural rules set out in Rules 37, 38 and 39 of the Federal Rules of Criminal Procedure and rules 3 and 4 of the Federal Rules of Appellate Procedure. Assuming the matter continues along the appellate process, relief from the District Court judgment may still be sought until after the expiration of 25 days from the judgment of the Supreme Court of the United States as set out in Rule 59 of the Supreme Court of the United States Revised Rules.
The Supreme Court of the United States has recognized, just as the Louisiana Supreme Court in the case of State v. Gani, supra, that when a legal determination of guilt is made the statutory test of the application of some non-criminal penalty, it is necessary to seek an interpretation of the word "conviction" as will insure that this legal determination has been made with reasonable certainty and finality. Such a determination has been made in the case of Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1329 (1955) in connection with the Deportation Laws. That case had to do with the determination of whether the person sought to be deported was "convicted" of certain crimes such that he may be deported. The court found that a person whose conviction was not final in a State Court could not be deported saying: "On the record here we are unable to say that the conviction has attained such finality as to support an order of deportation within the contemplation of § 241 of the Immigration and Nationality Act, 8 U. S.C.A. § 1251."
A reference to the Court of Appeals decision Pino v. Nicolls, reported at 215 F.2d 237 (1 Cir. 1954) shows that the Supreme Court agreed with the basic proposition as to the necessity of finality of judgment, but only differed in result, that is, that the facts detailed therein did not show finality.
The record before us shows that an appeal has been taken from the judgment of the United States District Court, and that appeal is still pending. Therefore we conclude that the proceedings against the appellant here have not yet reached that stage of finality to cause it to be a conviction within the meaning of the Statute here *535 involved, and for that reason we reverse the judgment appealed from only to the extent that it revoked the two 1972-73 beer permits issued to appellant.
Reversed.
NOTES
[1] "No person holding a retail dealer's permit causes:

and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
* * * * *
"Violation of this Section is punishable as provided in R.S. 26:521 and is also sufficient cause for the suspension or revocation of a permit."
[2] In addition to any other causes enumerated in this Chapter, the board may suspend or revoke any permit for any of the following causes:

* * * * *
"(3) If the permittee has been found guilty by the mayor, municipal or city court, justice of the peace court, or district court, as the case may be, of any of the following offenses:
"(a) Violation of the Sunday closing laws.
"(b) Violation of any municipal or parish or other ordinance providing for Sunday closing hours.
"(c) Violation of any municipal or parish ordinance relating to beverages of low alcoholic content enacted pursuant to R.S. 26:494, if the ordinance provides for revocation of the permit for its violation."
* * * * *