337 So.2d 438 (1976)
STATE of Louisiana ex rel. Norman CLARK
v.
Elayn HUNT, Director, Department of Corrections, State of Louisiana.
No. 57524.
Supreme Court of Louisiana.
September 13, 1976.
*439 A. Foster Sanders, III, Spedale, Sanders & Pennington, Baton Rouge, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., E. Michael Harrison, Staff Atty., Baton Rouge, for defendant-respondent.
SANDERS, Chief Justice.
Norman Clark, an inmate of Louisiana State Penitentiary, was granted parole on December 11, 1972. During the term of his parole, on July 16, 1974, law enforcement officers arrested him for the distribution of heroin in violation of LSA-R.S. 40:966. Three days after his arrest, the Louisiana Parole Board gave him notice of a preliminary hearing as a parole violator. The notice listed several violations of parole, including the filing of false parole reports, failure to engage in a lawful occupation, and the arrest for distribution of heroin. At the hearing on July 24, 1974, relator was represented by counsel of his own choice. The Parole Board determined that there was probable cause to detain him as a parole violator.
Relator was tried and convicted in the district court of distribution of heroin. On January 3, 1975, the trial judge sentenced him to life imprisonment. The defendant took a timely appeal, which is now pending in this Court.
Initially, upon the request of defendant's retained counsel, the Parole Board deferred final action on the parole violation until disposition of the appeal. However, for reasons not fully shown by the record before us, after due notice to relator, the Parole Board conducted a final revocation hearing on October 28, 1975. The evidence presented at the revocation hearing consisted of the court records of his narcotics convication and the report from his parole officer. Based upon this evidence, the Board officially revoked his parole for the stated reason that he had been convicted of distribution of narcotics and sentenced to life imprisonment. On January 6, 1976, the trial court denied the habeas corpus relief sought by relator. On relator's application, we granted a supervisory writ. He assigns two errors to the trial court's denial of his habeas corpus petition.

ASSIGNMENT OF ERROR NO. 1
Relator alleges that he was denied due process of law by the Parole Board's refusal to conduct a prompt revocation hearing. This contention is clearly without merit. The argument is centered on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which guarantees that certain due process safeguards will be afforded the parolee at a revocation hearing, though a parole revocation hearing is not part of the criminal prosecution. However, in applying this standard, the Court, in Brannum v. United States Board of Parole, D.C., 361 F.Supp. 394 (1973), affirmed 5 Cir., 490 F.2d 990 (1974), stated:
"While in Morrissey the Court held as not unreasonable a period of two months between the parolee's being placed under custody and the revocation hearing, this court is inclined to hold a period of four months as patently unreasonable if there has been no preliminary probable cause hearing." 361 F.Supp. at 397. (Italics ours.)
Relator was in fact given a preliminary hearing before the Parole Board just eight days after his arrest. Therefore, the strict time limitations within which to conduct the final hearing imposed in Brannum, supra, are inapplicable.[1]
The delay of the final hearing was due primarily to the request of relator's *440 counsel to defer the final determination of the parole violation until the outcome of the appeal. The request was obviously designed to give the relator the benefit of the appeal for the final determination in the event the appeal was successful.
We conclude that the delay violated no constitutional rights.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, relator asserts that it is constitutionally impermissible under Morrissey v. Brewer, supra, to base a parole revocation on a non-final conviction.
Quite clearly, the Parole Board based its revocation solely on the conviction. The Board's revocation notice to relator reads:
"You were convicted of Distribution of Narcotics on January 3, 1975, and received a Life Sentence to the Department of Corrections."
We do not, however, reach the constitutional question, for the validity of the revocation can be resolved on a statutory basis.
LSA-R.S. 15:574.10 provides:
"When a person is convicted in this state of a felony committed while on parole, his parole shall be deemed revoked as of the date of the commission of the felony. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court."
Under the statute the conviction itself is conclusive that a violation of parole has occurred. See State ex rel. Bertrand v. Hunt, La., 325 So.2d 788 (1976). To have this conclusive effect, however, the conviction must be final, that is, the appeal of right to the Louisiana State Supreme Court must be terminated. In the context of the statute, the term "convicted" means that guilt has been determined by a final judgment.
In State v. Gani, 157 La. 231, 102 So. 318 (1924), dealing with the meaning of conviction under a multiple offense provision, the Court stated:
". . . conviction means a judgment become final, either because not appealed from or because of having been affirmed on appeal."
See also Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955); Sportservice Corp. v. The Department of Public Safety, La.App., 293 So.2d 530 (1974).
We hold narrowly that the revocation of parole cannot be based solely on a conviction that is not final. We do not imply that pending appeal the Parole Board is precluded from revoking parole based upon evidence of actual misconduct that violates the conditions of parole. See LSAR.S. 15:574.9; State v. O'Conner, La., 312 So.2d 645 (1975); State v. Harris, La., 312 So.2d 643 (1975). Our holding likewise does not affect the authority of the Parole Board to hold relator under a detainer pending the outcome of the appeal. See LSA-R.S. 15:574.4 I(1).
For the reasons assigned, the judgment of the district court is reversed and the parole revocation is set aside, without prejudice to the right of the Louisiana Parole Board to conduct further revocation proceedings in this matter not inconsistent with the views herein expressed.
DIXON and DENNIS, JJ., concur in the result.
NOTES
[1] Relator's allegation that the final hearing was untimely must be considered in light of State ex rel. (Theda) Bertrand v. Hunt, La., 325 So.2d 788 (1976), and State ex rel. (Richard) Bertrand v. Hunt, La., 308 So.2d 760 (1975), which held that when a parole is revoked because the parolee has been convicted of other crimes during his parole, Morrissey supra, does not require that the parolee also be accorded a final hearing if there was a preliminary hearing.