PER CURIAM.
Breland was found “not guilty and not guilty by reason of insanity” on charges of killing his girlfriend. The verdict was rendered in 1978. Subsequently the trial judge ordered that Breland be institutionalized at the East Louisiana Forensic Facility Hospital. On April 15, 1985, Breland filed a petition in the Fifteenth Judicial District Court seeking a transfer to a less restrictive institution. The request was denied. An application for writs was filed with the Third Circuit Court of Appeal. The Third Circuit transferred the writ to this Court for consideration in accordance with LSA-Const. Art. Y, § 5(E).
LSA-Const. Art. V, § 5(E) vests in this Court exclusive supervisory jurisdiction of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982. A conviction refers to “an adjudication of guilt after a plea or after trial on the merits.” LSA-C.Cr.P. 934(3); State v. General Manager of Louisiana State Penitentiary, 177 So. 804, 188 La. 694 (1937); State v. Gani, 102 So. 318, 157 La. 231 (1924); and State v. Moise, 18 So. 943, 48 La.Ann. 109 (1895). “A sentence is the penalty imposed upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt.” LSA-C.Cr.P. 871(A). Since Breland was not convicted or sentenced, this court does not have exclusive supervisory jurisdiction in this matter.
IT IS HEREBY ORDERED that the Third Circuit Court of Appeal consider this writ pursuant to the supervisory jurisdiction granted it by LSA-Const. Art. 5, § 10(A).