528 So.2d 595 (1988)
STATE of Louisiana, Appellee,
v.
Kenneth D. COATES, Appellant.
No. 19507-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
*596 Ford E. Stinson, Jr., Indigent Defender Bd., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., James M. Bullers, Asst. Dist. Atty., Benton, for appellee.
Before HALL, MARVIN and LINDSAY, JJ.
MARVIN, Judge.
Coates's attempted appeal of a judgment revoking his probation was considered as an application for discretionary review. State v. McDonald, 471 So.2d 834 (La.App. 2d Cir.1985), writ denied. We granted review and ordered that briefs be filed.
Under this record, the State proved only that Coates's conviction by a jury in Texas was on appeal [and was thus not "final"] and that he had not complied with the special conditions of his probation by paying his fine and costs. Under these circumstances, CCrP Art. 901 allows revocation only when the conviction is "final." Bearden v. Georgia, 461 U.S. 660, 672, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221 (1983), does not allow revocation merely on the showing that a probationer has not paid the fine levied as a condition of probation.
Accordingly, we reverse and remand for further proceedings.

FACTS
After pleading guilty to possession of cocaine in Bossier Parish in 1984, Coates was sentenced to five years at hard labor. The sentence was suspended and he was placed on active probation for five years on special conditions which required him to pay a $1,500 fine and court costs within 90 days, and to enroll in and complete a substance abuse program. The court transferred his probation supervision to Texas.
The State petitioned to revoke probation in Bossier Parish in May 1987, alleging that Coates violated two special conditions of his probation (payment of the fine and completion of a substance abuse program), as well as two general conditions [obtain an approved occupation and refrain from criminal conduct]. The State alleged that Coates worked for only one month during the year he was under supervision in Texas and that he was convicted of possession of a controlled dangerous substance in Dallas County, Texas, in 1986.
At the revocation hearing in July 1987, the State introduced court records from Dallas County, Texas, which showed that Coates was indicted, tried by jury and convicted of possession of cocaine in 1986 and that he appealed the conviction. The Louisiana probation officer testified that the Texas appeal was still pending.
The State asked whether Coates had completed the required substance abuse program but the Louisiana probation officer only had written information sent to him by Texas officers. In response to Coates's hearsay objection, the court asked whether Coates had paid the $1,500 fine. The officer replied that he had not, and the court said, "Well, I don't care anything about anything else. So I will sustain the objection to anything else other than that fact." The State offered no other evidence about Coates's employment or participation in a substance abuse program. Coates did not testify.
The court found that Coates violated his probation by not paying the fine and by getting "arrested and convicted over there, even though it's on appeal in Texas, for the very same thing he was involved in here."

*597 REVOCATION PENDING FINALITY OF CONVICTION
The first general condition of Coates's probation was that he "refrain from criminal conduct, specifically the violation of any State, Federal, Local, or Municipal Law," a mandatory condition. CCrP Art. 895; State v. Davis, 480 So.2d 495 (La.App. 5th Cir.1985).
CCrP Art. 901, with our emphasis, provides in part:
[W]hen a defendant who is on probation for a felony commits or is convicted of a felony under the laws of this state, or under the laws of another state, the United States, or the District of Columbia, or is convicted of [certain misdemeanors], his probation may be revoked as of the date of the commission of the felony or final conviction of the felony or misdemeanor.
When the State alleges that a probationer violated his probation by engaging in criminal conduct, it must prove the violation by introducing either the court records of the criminal conviction or evidence of the facts underlying the conviction. State v. Harris, 312 So.2d 643 (La.1975); State v. O'Conner, 312 So.2d 645 (La.1975). Evidence of the probationer's arrest, without proof of his "commission" or "conviction" of a crime, is insufficient for revocation. State v. Harris, 368 So.2d 1066 (La.1979).
Here, as in the above cited cases, the State's only witness, the probation officer, did not testify about the probationer's conduct underlying the conviction. The State relied on the Texas court records as evidence of his conviction of a crime.
The meaning of the statutory term "conviction" was discussed at length in the context of sentence enhancement for a multiple offender in State v. Gani, 157 La. 231, 102 So. 318 (1924). There, defendant was convicted of selling liquor and was sentenced as a second offender after a first conviction for the same offense was affirmed on appeal, but before the supreme court denied his application for rehearing. In reviewing the second conviction, the court observed:
[T]he term "conviction" has a twofold meaning, according to the sense in which it is used. It may mean only the verdict; but it may also mean the judgment pronounced upon such verdict, by virtue of which alone the penalty attaches.
[Quoting from Corpus Juris] The ordinary meaning of "conviction," when used to designate a particular stage of a criminal prosecution, is the confession of an accused in open court or the verdict returned against him by the jury ... However, the term is sometimes used to denote a final judgment, implying not only a verdict, but also a judgment based thereon by the court; as, for example, when conviction is made the ground of some disability or special penalty, in which case a final adjudication by judgment is necessary.

We are therefore of [the] opinion that there can be no conviction as for a second offense until there has been a conviction for a first offense; and that such former conviction means a judgment [that has] become final, either because not appealed from or because of having been affirmed on appeal. And the evidence of such former conviction must be before the court at least at the time when the second conviction is had.
102 So. at 319. Citations omitted; emphasis in original.
Because Gani's first conviction became final after he was sentenced as a second offender, the court set aside the enhanced sentence and remanded for his resentencing as a first offender.
When the Code of Criminal Procedure was enacted in 1966, the term "convicted" was defined in Art. 934(3) to mean "adjudicated guilty after a plea or after trial on the merits."
Ten years later, however, in State ex rel. Clark v. Hunt, 337 So.2d 438 (La.1976), the supreme court applied the State v. Gani interpretation of "conviction" as meaning "final conviction" to a parole revocation. Clark's conviction of another offense was pending on appeal and was not "final" when his parole was revoked. The only evidence of the conviction consisted of *598 court records and the parole officer's report. The court held that parole could not be revoked solely on the showing of a conviction which was not final, stating that it could be revoked pending appeal of the conviction when the State presented evidence of the misconduct underlying the conviction.
The above analysis is consistent with CCrP Art. 901, quoted supra. That article authorizes revocation as of the date of commission of a crime [when the State presents facts underlying the criminal conduct] or as of the date of final conviction [when the State presents court records establishing the conviction].
As noted in State ex rel. Clark, supra, parole revocation is mandatory if the parolee is convicted of another crime. Probation revocation is discretionary. See CCrP Art. 901 A and paragraph (a) of the Official Revision Comment. See also State v. Duncan, 396 So.2d 297 (La.1981). On this record, the distinction is not significant. Probation was revoked. The comparative practical effects of either parole or probation revocation have been said to be indistinguishable. State v. Harris, supra, citing Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In either case, if the State relies on the conviction itself rather than proof of the underlying facts as the ground for revocation, the conviction is the basis for some disability or special penalty and must be final to support revocation. See State v. Gani and State ex rel. Clark v. Hunt, supra. See and compare State ex rel. Maenza v. Phelps, 342 So.2d 869 (La.1977), and State v. Davis, supra.
In State v. Bailey, 461 So.2d 336 (La. App. 2d Cir.1984), we held that a conviction need not be final to support prosecution under LRS 14:95.1 for possession of a firearm by a convicted felon. That holding was consistent with State v. Williams, 392 So.2d 448 (La.1980), in which the court reversed a ruling quashing charges brought under § 95.1 against one whose prior guilty plea was entered without a valid waiver of his constitutional rights. Both decisions noted that § 95.1 does not restrict or modify the meaning of "convicted."
In contrast, CCrP Art. 901 authorizes probation revocation for conviction of a crime as of the date of "final conviction." Probation cannot be revoked if the prior conviction was based on a constitutionally defective guilty plea, but may be revoked upon proof of the facts underlying the defective plea. State v. Harris, supra.
We analogize convictions which are not final to defective convictions in the probation revocation context to achieve the same consistency which we find in the context of prosecutions under LRS 14:95.1. See State v. Williams and State v. Bailey, supra.
Because the State offered no proof of Coates's conduct which supported the Texas conviction, the trial court erred in revoking probation on the conviction which was not then final.[1]

FAILURE TO PAY FINE
The U.S. Supreme Court has squarely held that in probation revocation proceedings based on the failure to pay a fine, the sentencing court must inquire into the reasons for the failure to pay, and may revoke probation and imprison the defendant in only two circumstances.
Revocation is authorized either if the probationer willfully refused to pay or failed to make sufficient bona fide efforts to acquire the resources to pay, or if the probationer has unsuccessfully made sufficient bona fide efforts and has failed to acquire the resources to pay and the court has considered alternative measures of punishment to imprisonment, but finds [and articulates why] alternative measures are not adequate to meet the State's interest in punishment and deterrence. Bearden v. Georgia, cited supra.
Examples of alternatives to imprisonment include extension of time for payment, allowance of installment payments, or performance of some form of labor or community service in lieu of the fine. See State v. Lewis, 506 So.2d 562 (La.App. 2d *599 Cir.1987). Compare State v. Pleasant, 508 So.2d 113 (La.App. 4th Cir.1987).
When the sentencing court is vested with discretion to choose from a wide range of sanctions for probation violation, it must consider the facts of the case, the seriousness of the violation, and the appropriateness of less drastic sanctions. The court cannot apply an inflexible policy of imposing the same sanctions in every case based on the belief that the probation system would be served better by uniform treatment of every violation. State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976).
The trial court in this record did not inquire why Coates had not paid the $1,500 fine and court costs. On this record, the mere fact of nonpayment is not a legally sufficient ground to revoke probation.

DECREE
We reverse the revocation of probation and the order requiring Coates to serve the five-year sentence previously suspended. We remand for further proceedings, to allow the State to offer evidence either that Coates's Texas conviction is now final, or, upon reasonable notice to Coates, evidence of any other conduct which constitutes a violation of his probation conditions. If the State reasserts nonpayment of the fine and court costs as a violation, the court shall follow the mandate of Bearden and Lewis, cited supra.
REVERSED AND REMANDED.
NOTES
[1] Coates's brief acknowledges that the conviction later became final.