564 So.2d 765 (1990)
STATE of Louisiana, Appellee,
v.
Dennis T. LEWIS, Appellant.
No. 21,562-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
*766 Ford E. Stinson, Jr., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Henry N. Brown, Dist. Atty., Benton, Bobby Stromile, Asst. Dist. Atty., for appellee.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
LINDSAY, Judge.
Following his conviction for armed robbery, a violation of LSA-R.S. 14:64, the defendant, Dennis T. Lewis, was found to be a third felony offender pursuant to the provisions of LSA-R.S. 15:529.1, the habitual offender statute. The defendant was sentenced to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant appeals, arguing that he was incorrectly found to be a third felony offender and that his sentence to 50 years at hard labor is excessive. For the following reasons, we reverse the trial court judgment finding the defendant to be a third felony offender, vacate the defendant's sentence and remand to the trial court for further proceedings.

FACTS
In the early morning hours of February 4, 1988, the victim of the offense, Mr. John L. West, was in his car in Shreveport, preparing to go to work, when he was approached by the defendant. The defendant persuaded Mr. West to drive him from Shreveport, across the Texas Street bridge, to Bossier City, Louisiana. Once into Bossier, at the foot of the bridge, the defendant pulled a gun on Mr. West and robbed him of his car and a small amount of cash.
Mr. West, who was forced out of the vehicle at gunpoint by the defendant, summoned help from a nearby taxi driver. Police on both the Shreveport and Bossier sides of the bridge were alerted.
The defendant attempted to drive the vehicle over the bridge back to Shreveport, but he crashed the car into the bridge abutment. The defendant fled on foot across the bridge toward Shreveport. He was apprehended on the bridge by Shreveport police officers, who later turned the defendant over to Bossier Parish authorities. The defendant was observed throwing an object from the bridge while fleeing. This object was recovered and determined to be the gun used by the defendant in the robbery.
The defendant was tried by a jury on the charge of armed robbery. On October 26, 1988, he was found guilty as charged.
Prior to sentencing, the prosecution learned that on May 15, 1986, the defendant had been convicted of illegal possession of stolen things. It was also discovered that on September 2, 1987, the defendant had been found guilty by a jury of *767 aggravated battery. That conviction was on appeal to this court when the defendant committed the instant offense of armed robbery on February 4, 1988. The 1987 jury verdict for aggravated battery was affirmed on appeal by this court on September 21, 1988. See State v. Lewis, 531 So.2d 580 (La.App. 2d Cir.1988).
On March 22, 1989, after the aforementioned aggravated battery conviction had been affirmed on appeal, the defendant was charged as a third felony offender under LSA-R.S. 15:529.1. On July 25, 1989, following a hearing on the multiple offender bill, the defendant was found to be a third felony offender and sentenced as such. Under the sentencing provisions of LSA-R.S. 14:64 and LSA-R.S. 15:529.1, the defendant was sentenced to serve 50 years at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant has appealed his adjudication as a third felony offender and the length of his sentence. The defendant claims that the trial court erred in finding him to be a third felony offender, because, at the time the present offense was committed, the defendant's conviction for aggravated battery was pending on appeal and was not yet final. The defendant also argues that his sentence to 50 years at hard labor is excessive.

HABITUAL OFFENDER STATUS
The defendant claims that because his conviction for aggravated battery was pending on appeal at the time the present offense was committed, it could not be used as a prior felony conviction in order to enhance his sentence. This argument has merit.
LSA-R.S. 15:529.1 provides in pertinent part:
Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony shall be punished as follows....
One reason the statute provides that a defendant must have been convicted prior to the commission of the subsequent offense is to prevent the prosecution from having the power to fix the accused's status as an habitual offender. As stated in State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987):
One practical reason for the rule is that, if a defendant's status as a second offender was not determined as of the date that he committed the second felony but the date he was found guilty of the second offense, or the date he pleaded guilty as a second offender, or the date he was sentenced to such, it would be within the power of district attorneys `by delaying the filing of the charges and prosecution of the case, to fix the accused's status as a second offender at practically any time he desired.' [Citation omitted] This demonstrates that it is the defendant's own act in violation of a statute making it a felony that establishes his status at the time as a second offender `and not the uncertain date left largely in the discretion of the district attorney ... when he will be charged, tried, and sentenced for the commission of the crime.
The issue raised by the defendant in this case centers on the meaning of the word "convicted" in LSA-R.S. 15:529.1. Based upon the holding in State v. Gani, 157 La. 231, 102 So. 318 (1924), the defendant argues that the word "convicted" in the statute means final conviction.
In State v. Gani, supra, the defendant was convicted of a second offense liquor violation. At the time of the trial on the second offense, the Supreme Court had affirmed the conviction on the first offense, but the delays for rehearing had not expired. The court held that the defendant could not be convicted as a second offender because the judgment affirming the conviction on the first offense was not final. In defining what was meant by the word "conviction" the court stated:

*768 [T]he term "conviction" has a twofold meaning, according to the sense in which it is used. It may mean only the verdict; but it may also mean the judgment pronounced upon such verdict, by virtue of which alone the penalty attaches.
[Quoting from 16 Corpus Juris 1266] The ordinary meaning of "conviction" when used to designate a particular stage of a criminal prosecution, is the confession of an accused in open court or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt, while the sentence or judgment is the appropriate word to denote the action of the court before which the trial was had in declaring to the accused the consequences of the fact thus ascertained. Thus the sentence is no part of the conviction but is based thereon....
However, the term is sometimes used to denote a final judgment, implying, not only a verdict, but also a judgment based thereon by the court; as for example, when conviction is made the grounds of some disability or special penalty, in which case a final adjudication by a judgment is necessary.
Therefore, Gani held that one could not become a second offender until there had been a conviction for the first offense and that such former "conviction" means a final judgment, either because not appealed or because of having been affirmed on appeal.[1]
In the present case, the defendant argues that the definition of "conviction" contained in State v. Gani, supra, as announced by our Supreme Court, should be applied to the habitual offender law contained in LSA-R.S. 15:529.1. The defendant further argues that the definition of "convicted", contained in LSA-C.Cr.P. Art. 934(3) is not applicable. That definition provides:
"Convicted" means adjudicated guilty after a plea or after a trial on the merits.
Under this definition, a defendant is "convicted" upon the entry of a guilty plea or upon the entry of a guilty verdict following a trial.
The reading together of the provisions of LSA-R.S. 15:529.1 and LSA-C.Cr.P. Art. 934(3) would seem to allow the use of "convictions" obtained by guilty plea or trial on the merits, even though not yet final on appeal, to be used as predicate offenses under the habitual offender law, LSA-R.S. 15:529.1. However, regardless of the fact that the word "convicted" is defined in LSA-C.Cr.P. Art. 934(3), the jurisprudence has continued to apply the definition set forth in State v. Gani, supra.[2]
In Sportservice Corp. v. Department of Public Safety, 293 So.2d 530 (La.App. 4th Cir.1974), the definitions of "conviction", as set forth in State v. Gani, supra, and as contained in LSA-C.Cr.P. Art. 934(3), were considered in a proceeding to revoke a liquor license based upon a prior felony conviction.
In Sportservice, the plaintiff-subsidiary of a corporation appealed a decision revoking an alcoholic beverage license on the ground that the corporation had been convicted of racketeering in California. Under the alcoholic beverage laws considered in Sportservice, a permit to sell alcoholic beverages could not be issued to an applicant "convicted" of a felony. The racketeering conviction was pending on appeal when the Louisiana alcoholic beverage license was revoked.
*769 In determining whether the corporation had been "convicted" of a felony, the court considered the definitions in State v. Gani, supra, and in LSA-C.Cr.P. Art. 934(3). In Sportservice, the court stated that the definition of "convicted" in LSA-C.Cr.P. Art. 934(3) applies only where the context does not indicate otherwise. The definition was apparently established to create a definite point in time to govern rules pertaining to procedural matters, such as bail and the appellate process.
The court went on to reason that the finality of the judgment of conviction, when an appeal is taken, occurs after the appeal is disposed of by the appellate court, as provided by LSA-C.Cr.P. Art. 922. The court then stated that the difference between a conviction and the finality of a judgment of conviction was explained in State v. Gani, supra. The term "conviction", for purposes of enhanced or special penalties, means final judgment of conviction. Therefore, in Sportservice, the court found that where a "conviction" is the statutory test for imposing an enhanced or special penalty, the definition of final conviction in State v. Gani, supra, applies.
The determinations in State v. Gani, supra, and Sportservice Corp. v. Department of Public Safety, supra, are in accordance with the rule followed in the majority of American jurisdictions. In the annotation, What Constitutes Former "Conviction" Within Statute Enhancing Penalty For Second and Subsequent Offense, 5 A.L.R.2d § 3, § 5, at 1085 and 1092, it is stated that the central idea or principle borne out by the majority of cases is that a "conviction", within the meaning of habitual criminal statutes, imports the element of finality. When an appeal has been taken from the trial court, and a ruling on the appeal is pending, the defendant cannot be considered as having been "convicted" within the meaning of the statutes imposing an enhanced penalty for the commission of a second or subsequent offense following a conviction of a prior offense.
In 39 Am.Jur.2d Habitual Criminals, § 8 (1968), it is stated that, to constitute a basis for enhancement of punishment based upon the commission of a second or subsequent offense, the prior conviction relied upon by the prosecution must be a final conviction. The article cites State v. Gani, supra, and states that it is usually held that a judgment of conviction which is the subject of a pending appeal will not support enhanced penalties.
In State v. Coates, 528 So.2d 595 (La. App.2d Cir.1988), this court discussed the interrelationship of the definition of "convicted" adopted by the Supreme Court in State v. Gani, supra, and the definition of that term contained in LSA-C.Cr.P. Art. 934(3). These definitions were discussed in the context of probation and parole revocations based upon the commission of subsequent offenses. In Coates we followed State ex rel Clark v. Hunt, 337 So.2d 438 (La.1976), in which the Supreme Court adhered to its rationale in State v. Gani, supra, and held that a conviction must be final to serve as the basis for parole and probation revocations. The same reasoning applies to the present case.[3]
We conclude that in applying the definition of "conviction" to the habitual offender statute, LSA-R.S. 15:529.1, the prior conviction must be final before the subsequent offense is committed. As applied to the present case, the defendant's conviction for aggravated battery was pending on appeal at the time the defendant committed the present offense of armed robbery. Because the conviction for aggravated battery was not final, it could not be used as a predicate for finding the defendant to be a third felony offender. Therefore, his adjudication as such must be overturned and his sentence as such vacated.
*770 However, the record does support a finding that the defendant is a second felony offender. We therefore find the defendant to be a second felony offender and remand the case to the trial court for resentencing of the defendant as a second felony offender.

EXCESSIVE SENTENCE
We vacate the defendant's adjudication as a third felony offender, vacate his sentence as such, and remand the case to the trial court for resentencing. Therefore, it is not necessary to address the defendant's argument that his sentence to 50 years at hard labor without benefit of parole, probation or suspension of sentence is excessive.

CONCLUSION
For the reasons stated above, we reverse the defendant's adjudication as a third felony offender. Accordingly, his sentence as a third felony offender is hereby vacated and set aside. However, we find the defendant to be a second felony offender. This case is remanded to the trial court for resentencing of the defendant as a second felony offender.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] State v. Gani, supra, reasoned that there could be no conviction as a subsequent offender until there had been a conviction for the first offense and that such "conviction" means a final judgment. The court also stated that the evidence of the former conviction must be before the court at least at the time of the second conviction. Nevertheless, our present multiple offender statute specifies that the time for analysis of the status of the predicate conviction is at the time of the commission of the subsequent felony.
[2] We note that in State ex rel Jackson v. Donnelly, 486 So.2d 729 (La.1986), the Louisiana Supreme Court granted a writ from a multiple offender adjudication. The court cited State v. Gani, supra, in overturning the multiple offender adjudication and sentence because the defendant's prior conviction was not yet final when he was adjudged to be a multiple offender. The case was remanded for further proceedings. However, no facts were given and the court gave no reasoning for its decision.
[3] We note that in cases dealing with possession of firearms by convicted felons under LSA-R.S. 14:95.1, the definition of "convicted", contained in State v. Gani, supra, has not been followed. Instead, it has been held that in order to be a "convicted" felon, the conviction does not have to be "final". State v. Bailey, 461 So.2d 336 (La.App. 2d Cir.1984). This reasoning is based on state and federal jurisprudence which does not even require that the predicate conviction be valid.