312 So.2d 645 (1975)
STATE of Louisiana
v.
Arnold Ray O'CONNER.
No. 55743.
Supreme Court of Louisiana.
April 24, 1975.
Murphy W. Bell, Director, R. Judge Eames, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
On October 20, 1972, the defendant was convicted of attempted simple burglary in violation of LSA-R.S. 14:62 (14:27). The trial court deferred sentencing for three years and placed the defendant on supervised probation.
On October 29, 1974, after a probation revocation hearing, the court revoked defendant's probation and sentenced him to four and one-half years imprisonment. The defendant appeals the revocation of his probation relying on two specifications of error. He asserts first that the trial court erred in revoking his probation based on a conviction in which the defendant was without the benefit of counsel; and second, that the trial court erred in revoking his probation based on a conviction pending on appeal.
The trial court properly deferred sentencing defendant for attempted simple burglary. It suspended the imposition of sentence and placed the defendant on probation for three years. See LSA-C.Cr.P. Art. 893. Article 900 of the Louisiana Code of Criminal Procedure sets forth the procedures for a probation hearing as follows:
"After an arrest or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(1) Reprimand and warn the defendant;
(2) Order that supervision be intensified;

*646 (3) Add additional conditions to the probation; or
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the the sentence imposed by the court at the revocation hearing."
At defendant's probation revocation hearing, the Probation Officer testified that he notified the defendant of the hearing, listing his convictions for carrying a concealed weapon and armed robbery as violations of his probation. The Probation Officer offered no documentary evidence in connection with his testimony.
The trial judge then inquired as to whether the defense had any evidence to offer. Defense counsel then indicated that he would call the defendant for the limited purpose of showing that he had no counsel at the time he pleaded guilty to carrying a concealed weapon in State v. Arnold Ray O'Conner, Docket No. 10-73-6814 of the Nineteenth Judicial District Court for East Baton Rouge Parish.
Before calling the defendant, however, defense counsel offered the formal minute entry in that case, to establish that it did not reflect the presence of counsel at the time of the plea. The minute entry, thus offered, does not appear in the appellate record.
Defense counsel also requested that the court take judicial notice that the defendant's conviction for armed robbery was pending on appeal.
The trial judge then stated:
"[A]s far as this Court is concerned, whether or not he was represented by counsel at the time he pled guilty to carrying a concealed weapon is not an issue. Whether or not the conviction for armed robbery is on appeal is not an issue. The Court has deferred sentence in this matter, and the Court will now sentence the defendant unless he wants to testify first."
Consequently, the trial judge sentenced the defendant to four and one-half years imprisonment.
It is evident from the record that the trial judge incorrectly assumed that, since sentence had been deferred after the original conviction, he had the right to impose sentence at any time without proof of a violation of probation. Article 900, setting forth the procedures for a probation revocation hearing, is applicable, both to instances of suspension of execution of sentence and suspension of imposition of sentence when defendant has been placed on probation. The final sentence of the article provides: "If the imposition of the sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing."
The probation revocation hearing may be informal, but it is subject to due process safeguards, including adequate notice and the opportunity to present evidence. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
At the revocation hearing, a violation of the conditions of probation may be shown by establishing a criminal conviction or by actual proof of the commission of a crime, apart from conviction. See State v. Harris, La., 312 So.2d 643 (1975) No. 55,622, handed down this date. In the first instance, the hearing judge looks to the court record of a criminal prosecution, but in the latter he looks to the actual conduct of the defendant that violates the conditions of his probation.
In the present case, since the trial judge did not rely upon the convictions, he did not resolve the issues concerning the convictions raised by defense counsel. Moreover, the defense did not complete its evidence relating to the issues.
*647 The Probation Officer, as the only witness, offered no testimony concerning the actual conduct of the defendant.
Hence, the record is insufficient to establish a violation of the conditions of probation, either by means of convictions or conduct. Accordingly, the sentence imposed at the revocation hearing must be set aside and the case remanded for further proceedings.
For the reason assigned, the defendant's four and one-half year sentence imposed herein is vacated and set aside. The case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings according to law and consistent with the views herein expressed.