508 So.2d 113 (1987)
STATE of Louisiana
v.
Gregory PLEASANT.
No. KA-6688.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Asst. Dist. Atty., for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and LOBRANO, JJ.
SCHOTT, Judge.
On February 15, 1984 defendant pled guilty to theft in violation of LSA-R.S. 14:67 and was sentenced to one year in Parish Prison. His sentence was suspended and he was placed on probation. In October, 1984 the State brought proceedings to revoke his probation on the grounds *114 that he was twice arrested, he was never employed, and he failed to pay court costs. The trial court revoked his probation and defendant appealed. The trial court granted a suspensive appeal and set the return date for November 9, 1984. However, the record was not lodged in this court until November 13, 1986. Although defendant had no right to appeal from the revocation of his probation we treat his appeal as an application for a supervisory writ. State v. Manuel, 349 So.2d 882 (La.1977).
At the hearing defendant's probation officer testified that he was arrested for carrying a concealed weapon, a three inch blade knife, and obstructing the sidewalk. He stated that according to the arrest register and police report he did have a knife in his possession.
At a probation revocation hearing, a violation of the conditions of probation may be shown by establishing a criminal conviction or by actual proof of the commission of a crime, apart from conviction, and the testimony of the probation officer as to the contents of the police report and arrest records does not constitute sufficient proof. State v. Harris, 368 So.2d 1066 (La.1979).
As to the other grounds for the revocation of probation the probation officer testified that defendant had failed to get a job and pay the $374.00 of court costs assessed against him. But he acknowledged that defendant had kept his restitution payments current, paying $180.00 of the $300.00 assessed.
Defendant's mother testified he was a slow learner unable to read and this prevented him from getting a job because he could not read or fill out employment applications. She stated she had put up the money for the restitution payments.
In revocation proceedings the trial judge is vested with discretion but he is given a wide range of alternatives in C.Cr.P. art. 900 so as to tailor the punishment to the facts of the case, the seriousness of the misdeed, and the needs of the probationer. State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976). From the comments made by the trial judge on the record he based his decision in large measure on the fact that defendant had committed a crime. However, there was no evidence to prove this, only evidence that he had been arrested.
As to his failure to get a job and pay the costs this does not support revocation of probation absent evidence that he was somehow responsible for that failure. State v. Caballero, 464 So.2d 939 (La.App. 4th Cir.1985). The evidence is to the contrary. He could not get a job because he is a slow learner and illiterate and, thus, he could not pay the costs.
Accordingly, the order revoking defendant's probation reversed and is set aside.
REVERSED AND RENDERED.