PLOTKIN, Judge.
Appellant William Cockerham seeks reversal of the revocation of his probation by the trial court. Since defendants have no right to appeal the revocation of probation, this court will treat the defendant’s request as an application for writs and exercise its supervisory jurisdiction under La. Const. Art. V, section 10. State v. Manuel, 349 So.2d 882 (La.1977); State v. Pleasant, 508 So.2d 113, 114 (La.App. 4th Cir.1987).
The appellant was charged with second-degree murder on July 29, 1982; he pled “not guilty” to that charge at his arraignment on Aug. 3, 1982. However, he withdrew his former plea on Oct. 15, 1982, pleading guilty to an amended charge of manslaughter. He was sentenced to seven years at hard labor. The sentence was suspended and he was placed on five years active probation and ordered to pay court costs. An additional condition to his probation that he serve six weeks in the Orleans Parish Prison was imposed at a hearing on a rule to revoke probation on June 11,1985. A subsequent revocation hearing was held Jan. 12, 1987. No decision was made at that hearing because the judge requested a written report of the defendant’s arrest record from the probation officer. Another hearing was held Jan. 16, 1987, when the appellant’s probation was revoked and his seven-year sentence was made executory. The appellant claims his probation was improperly revoked because it was based on the hearsay statements of the probation *1247 officer concerning his alleged arrests for crimes for which he was never convicted.
At the Jan. 12 hearing, the appellant’s probation officer testified that Cockerham had been arrested for first-degree murder on July 13, 1986, but that he was later charged with manslaughter and acquitted of the charge. The probation officer also testified that he had received an anonymous phone call from a French Quarter hot dog vendor, who claimed the appellant had robbed him, but he gave no details of the alleged crime. The court then asked for a written report of the appellant’s arrests while he was on probation.
At the Jan. 12 hearing, the judge also stated his intention to take judicial notice of the information concerning defendant’s alleged criminal activity presented at the June 11, 1985 hearing. The transcript of that hearing reveals that an assistant district attorney testified concerning an armed robbery charge and a pickpocketing charge against the defendant. The armed robbery charge was refused, the assistant district attorney stated, when the alleged victim said the incident was an accident. The pickpocketing charge was nolle prossed when the victim moved to Kentucky and became unavailable for testimony, she said. Following the assistant district attorney’s testimony, the alleged victim of the armed robbery testified that he had no idea who had committed the crime and that his previous identification of the defendant as the offender had been an accident. Finally, the defendant testified.
At the Jan. 16 hearing, when the probation was revoked, the judge read part of a letter from the probation officer, which listed a number of arrests on various charges, all of which were refused, dismissed or nolle prossed by the district attorney’s office. The judge then stated:
The man is a walking crime wave. People die when they get into his company. I am completely shocked this probation officer (sic) would have been out this length of time with this kind of shenanigans going on. I am revoking his probation. I’m making his sentence of seven years executory and I wish to God I could make it more.
It is well established in Louisiana law that evidence of arrests, without proof of conviction or independent evidence that the probationer actually committed a crime, is insufficient proof that a probationer has violated the condition that he refrain from criminal activity. State v. O’Conner, 312 So.2d 645, 646 (La.1975); Pleasant, supra, 508 So.2d at 114. The testimony of the probation officer as to the contents of a police report and arrest records does not constitute sufficient proof. Id.
The State argues vigorously in its brief that the revocation of the defendant’s probation was properly based on evidence of Cockerham’s criminal activity. The manslaughter charge, the armed robbery charge and the pickpocketing charge are all discussed, as well as the defendant's alleged arrests on drug charges. The State contends that the defendant was caught with drugs in his possession and says this is adequate evidence that the defendant broke probation. The only reason the case was not prosecuted, the brief states, is because the district attorney felt there was an illegal search. The State argues that since the exclusionary rule does not apply to revocation hearings, State v. Davis, 375 So.2d 69 (La.1979), the revocation can be justified by proof of defendant’s arrest in possession of controlled substances.
The State’s position is correct that independent proof of criminal activity is sufficient grounds for revocation of probation, even when the probationer has not been convicted of the crime. However, no independent evidence of the defendant’s guilt on the drug charges was presented at the revocation hearings. In fact, the only mention of the drug charges at any of the hearings was when the judge read the list of arrests from the probation officer’s letter at the Jan. 16 hearing. That hearsay evidence is not sufficient to justify revocation of probation. Pleasant, supra, 508 So.2d at 114.
Two other conditions of the appellant’s probation, which he allegedly violated, were also discussed briefly at the Jan. *1248 12 and Jan. 16 revocation hearings. The appellant allegedly failed to meet with his probation officer every month as required, but the court admitted at the Jan. 16 hearing that the appellant was incarcerated at the times he missed his meetings. In its brief, the State provided a list of the times the defendant allegedly failed to meet with his probation officer when he was not in jail, but no proof of unexplained absences was presented at any of the hearings. Additionally, the officer stated at the Jan. 12 hearing that the appellant has failed to devote himself to approved employment, as required by his probation agreement, but no details were discussed. However, failure to get a job is not sufficient grounds for revocation of probation absent proof that the appellant was somehow responsible for the failure. Pleasant, supra, 508 So.2d at 114; No such proof was presented.
The transcript of the hearing reveals that the principal reason for the revocation of the appellant’s probation was his alleged criminal activity. Since no evidence of convictions and no circumstances of any of the alleged crimes were presented at any of the hearings as required by law, the probation was wrongfully revoked.
Accordingly, the order revoking defendant’s probation is reversed and set aside.
REVERSED.
BARRY, J., dissents with written reasons.