BARRY, Judge,
dissents with reasons.
The majority reverses “[s]ince no evidence of convictions and no circumstances of any of the alleged crimes were present-ed_” Proof of a conviction is unnecessary. It is sufficient if the State presents proof of the defendant’s commission of a crime apart from conviction. State v. Harris, 368 So.2d 1066 (La.1979). See also La.C.Cr.P. Art. 901.
This revocation was based on violation of three conditions of the defendant’s probation: (1) violation of state, federal or municipal laws evidenced by the defendant’s criminal activities clearly spelled out in the record (although perhaps not sufficiently proven to stand alone as the basis of revocation); (2) failure to report to his probation officer numerous times (not fully explained because of his many periods of incarceration on subsequent charges); (3) failure to secure proper employment.
La.C.Cr.P. Art. 900 gives the trial judge wide latitude when responding to probation violations and provides an equally wide range of alternatives. It is within the trial court’s discretion to tailor the punishment for probation violations to the facts of each case, the seriousness of the violation, and the needs of the probationer. State v. Pleasant, 508 So.2d 113 (La.App. 4th Cir.1987); State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976).
In June, 1985 the trial court exercised that discretion by not revoking the defendant’s probation although he had been charged in several crimes (none of which resulted in a conviction). At that time the defendant said he was working for his uncle who was self-employed. Following the recommendation of his probation officer, the judge did not revoke but notified the defendant that he was not impressed with his behavior or the fact that his work record could not be verified. The court added six weeks in parish prison as a special condition of probation and warned the defendant that he would revoke in the future if warranted.
Under these facts I find no abuse of the trial court’s discretion in revoking the defendant’s probation when he was before the court again after numerous criminal charges had been filed against him. Perhaps his lifestyle constitutes “criminal activities”. He missed monthly meetings with his probation officer and he had no steady employment, both conditions of probation.
The probation officer recommended revocation. The majority has preempted the much discretion of the trial judge in its determination that the defendant’s probation should not have been revoked.