ORDER
PLOTKIN, Judge.
Defendant, William Cockerham, was initially charged with second degree murder, but pled guilty to a reduced charge of manslaughter on October 15, 1982, for which he was sentenced to seven years at hard labor.. The sentence was suspended and he was placed on five years active probation and ordered to pay court costs. On June 11, 1985, at a hearing on a rule to revoke probation, the defendant was sentenced to serve six weeks in Orleans Parish Prison as a condition of his probation. On January 12 and 16, 1987, the trial court revoked the defendant’s probation and made the seven-year sentence executory. In State v. Cockerham, 522 So.2d 1245 (La.App. 4th Cir.1988), this court reversed the trial court’s decision, holding that the State’s failure to present proper proof of the defendant’s alleged criminal activities as required by law made the revocation improper. Subsequently, on April 22,1988, the trial judge held a hearing on his own motion to show cause why probation should not be revoked, although no subsequent, written rule to show cause was filed by the State after this court’s decision. As a result of this hearing, the defendant’s probation was again revoked.
The evidence presented by the State in the April 22, 1988 probation revocation hearing is not significantly different from the evidence presented at the January 12 and 16, 1987 hearings. The only notable difference between the two is the State’s attempt in the later hearing to document its allegations that not all of the defendant’s failures to meet with his probation officer were absolved by the fact that he was incarcerated.
The transcript of the April 22 revocation hearing reveals that the principal reason for revocation of the probation was the defendant’s alleged criminal activity. Once again, however, the State .failed to present independent evidence of the com *221 mission of any crimes, as required by State v. O’Conner, 312 So.2d 645 (La.1975) and State v. Pleasant, 508 So.2d 113 (La.App. 4th Cir.1987). As in the January 12 and 16, 1987 hearings, the only evidence presented was the hearsay testimony of the probation officer, who described the contents of police reports and arrest records. This does not constitute sufficient proof to revoke probation. Id. at 114.
At the April 22 revocation hearing, the trial judge stated that this court’s March 10, 1988 opinion reversing the defendant's earlier probation revocation essentially requires that “probation cases were to be like trials.” (Transcript, page 6.) However, the March 10 opinion does not require that defendant’s criminal activity be proven beyond reasonable doubt, as in a trial. What it does require is that the State present either “proof of conviction or independent evidence that the probationer actually committed a crime," a principle established by the Louisiana Supreme Court in O’Conner, supra, and adopted by this court in Pleasant, supra. The March 10 opinion established no new requirements.
Due process requires that the State present evidence which meets the prescribed standards before a trial judge may legally revoke a defendant’s probation. Those standards were not met in the records of the probation revocation hearings reviewed by this court. Therefore, for the above and foregoing reasons, the revocation is reversed and the defendant must be released.
For the above and foregoing reasons, the trial court’s revocation of the defendant’s probation is hereby reversed. The trial court is ordered to release the defendant from incarceration immediately.
SCHOTT, J., concurs with reasons.