PER CURIAM.
Writ granted; revocation of probation reversed. Proof of an arrest alone, without any evidence of the conduct that led to arrest, does not suffice to revoke probation. State v. Harris, 368 So.2d 1066, 1072 (La.1979); see also State v. Pleasant, 508 So.2d 113, 114 (La.App. 4th Cir.1987). In addition, while a court may consider docu *513 mentary evidence or prior judicial proceedings in determining whether a probationer has violated the terms of his state supervision, State v. Harris, 368 So.2d 1066, 1070 n. 9, the state did not allege in its rule to revoke probation or introduce any evidence at the hearing, and the court did not find as an independent basis for revocation, that relator had failed to pay his fine. See Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (due process requires notice of the claimed violations and an opportunity for the probationer to rebut the allegations); La.C.Cr.P. art. 899(D)(confining reasons for revocation to “the allegations made by the probation officer concerning a violation or threatened violation of the conditions of probation, the findings of the court concerning those allegations [and] the factual basis or bases for those findings”).