STATE OF LOUISIANA     *     NO. 2021-KA-0293

VERSUS     *

    COURT OF APPEAL

AHMAD DUPLESSIS     *

    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

**CONSOLIDATED WITH:**

**STATE OF LOUISIANA**

**VERSUS**

**AHMAD DUPLESSIS**

**CONSOLIDATED WITH:**

**NO. 2021-KA-0294**

**CONSOLIDATED WITH:**

**STATE OF LOUISIANA**

**VERSUS**

**AHMAD DUPLESSIS**

**CONSOLIDATED WITH:**

**NO. 2021-KA-0295**

**CONSOLIDATED WITH:**

**STATE OF LOUISIANA**

**VERSUS**

**AHMAD DUPLESSIS**

**CONSOLIDATED WITH:**

**NO. 2021-KA-0296**

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 542-299, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

James Miller
Orleans Parish Public Defenders
2601 Tulane Ave

Suite 700
New Orleans, LA 70119

COUNSEL FOR DEFENDANT/APPELLANT


Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Brad Scott
Assistant District Attorneys
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

COUNSEL FOR APPELLEE/STATE OF LOUISIANA


**VACATED AND REMANDED**

**DECEMBER 1, 2021**

*JCL*
*RBW*
*PAB*
Defendant, Ahmad Duplessis ("Defendant"), appeals his sentences after the Orleans Parish District Attorney ("the DA") alleged that he breached his post-plea program contract with the DA ("the contract"). Defendant contends that the district court's refusal to afford him an evidentiary hearing to determine whether he breached the contract violated his procedural due process rights under both the United States and Louisiana Constitutions. For the reasons that follow, we vacate the district court's sentences and remand this matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2018, Defendant, in case number 542-299, was charged by bill of information with simple burglary and possession of a firearm by a convicted felon. On October 16, 2018, defendant entered a plea of not guilty. Also on July 30, 2018, Defendant, in case number 542-310, was charged by bill of information with attempted simple burglary. On October 16, 2018, Defendant entered a plea of not guilty. On December 3, 2018, Defendant, in case number 543-710, was charged by bill of information with simple burglary, and, on December 17, 2018, pled not guilty to the charge. Additionally, on December 3, 2018, a bill of information, in case number 543-711, was issued, charging Defendant with simple burglary, and Defendant, on December 5, 2018, entered a plea of not guilty.

Defendant subsequently plead guilty to the above-delineated charges pursuant to a plea agreement, which deferred the imposition of his sentences while Defendant participated in the DA's post-plea program. Pursuant to the plea agreement, if Defendant successfully completed the program, he would be permitted to withdraw his guilty pleas, and the State would dismiss his cases. However, if Defendant failed to successfully complete the post-plea program, he

3

would be sentenced. Thereafter, Defendant agreed to abide by the terms of the DA's post-plea program contract and entered into the program.

The district court set the cases for review hearings, and Defendant appeared in court for two such hearings on April 15, 2019 and June 17, 2019. Defendant failed to appear for a July 22, 2019 review hearing, and an alias capias was issued for his arrest with no bond. Upon his appearance in court on January 30, 2020, it was noted that Defendant had been terminated from the post-plea program, and sentencing was set for February 6, 2020.

On February 6, 2020, prior to the sentencing hearing, Defendant, through counsel, filed, in each of his four cases, a motion for an evidentiary hearing to challenge the basis of his removal from the post-plea program. In the motion, Defendant asserted that procedural due process required an evidentiary hearing for the court to determine by a preponderance of the evidence whether termination from the program was required after the DA provided notice in writing of the violations alleged. In essence, Defendant asserted that he was entitled to the same due process protections as a person whose plea agreement was based on a statute and facing termination of parole or probation.[1] In other words, Defendant claims

---

[1] The drug division probation program is provided for in La. R.S. 13:5301 *et seq. See also* La. C.Cr.P. art. 893. La. R.S. 13:5304(B)(3)(a) provides: "If the defendant is accepted into the drug division probation program, then the defendant must waive the right to a trial. The defendant must enter a plea of guilty to the charge, with the stipulation that sentencing be deferred or that sentence be imposed, but suspended, and the defendant placed on supervised probation under the usual conditions of probation and under certain special conditions of probation related to the completion of such substance abuse treatment programs as are ordered by the court." Other diversion programs are provided for by law. *See*, *e.g.*, La. R.S. 13:5366 (veterans court program); La. R.S. 15:571.41 (job intervention program); La. R.S. 15:242 (pretrial diversion for driving while intoxicated); La. R.S. 15:244 (military pretrial diversion program). A probation revocation hearing is subject to due process safeguards, including an adequate notice and opportunity to present evidence. *State v. O'Conner*, 312 So.2d 645, 646 (La. 1975)(citations omitted). Additional rights include the opportunity to be heard in person and the right to confront and cross-examine adverse witnesses. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62, 36 L.Ed.2d 656 (1973). The right to a probation violation hearing is provided for in La. C.Cr.P. art.

that his deferred sentencing plea agreement not based on statute but on the discretionary DA post-plea program infringed on his due process constitutional rights.

Defense counsel argued the motion at the outset of the hearing. In response, the prosecutor represented that Defendant, "merely three months" after he was admitted into the program, was "terminated from the program … based on a series of positive drug tests and non-compliance with other additional treatment from outside sources." The prosecutor further noted that Defendant failed to appear for a scheduled review hearing, at which time an alias capias was issued, and that on November 23, 2019, Defendant was arrested on another simple burglary charge pending before the district court.[2] The State did not provide a copy of the post-plea program contract; however, the plea agreement (waiver of rights form) is in the record. The State also did not offer any evidence of Defendant's noncompliance. In conclusion, the State argued that the district court should immediately sentence Defendant pursuant to the agreement that was reached by the parties in March of 2019.

The district court denied Defendant's motion, stating as follows:

> So counsel, the Court is in receipt of the motion for an evidentiary hearing on diversion termination. It's this Court's ruling - - position that upon entering a plea agreement with the State of Louisiana for post-plea diversion that defense counsel and [Defendant] entered into an agreement with the State of Louisiana District Attorney's Office knowingly, willingly, and voluntarily[,] that the conditions of the diversion program were explained to [Defendant] and to his attorney, that

---

900. *See also* LSA-R.S. 13:5304(D)(3)(a) (providing a participant in the drug division probation program the right to a probation revocation hearing). According to La. C.Cr.P. art. 900(D), the aggravating and mitigating circumstances to be taken into consideration in considering the revocation of probation include the sentencing guidelines set forth in La. C.Cr.P. art. 894.1.

[2] According to Docket Master, the simple burglary case was dismissed on a date subsequent to the sentencing hearing.

5

> [Defendant] then entered guilty pleas pursuant to that plea agreement of March 29, 2019 as to all four cases and in conjunction with that plea agreement it was made clear both by the State of Louisiana as well as by this Court during the Boykinization that if [Defendant] failed out of the diversion program or was terminated for any reason that the State would have the right to request that sentence be imposed - - sentences be imposed in conjunction with the guilty pleas that [Defendant] entered as to [his] four cases. There was no opposition to that agreement. Defense Counsel and [Defendant] willingly participated and entered into that agreement and at this time on that basis the Court denies any motion for evidentiary hearing on diversion termination and the Court proceeds with sentencing in each of the four cases.

The district court then sentenced Defendant to twelve years at hard labor in the custody of the Department of Corrections for each count of simple burglary and possession of a firearm by a convicted felon in case no. 542-299, six years for attempted simple burglary in case no. 524-310, twelve years for simple burglary in case no. 543-710, and twelve years for simple burglary in case 543-711, with credit for time served on each sentence. All sentences were ordered to run concurrently.

On February 18, 2020, Defendant filed a motion for appeal in each of the four cases, and these timely appeals followed. By Order issued on May 20, 2021, this Court, on its own motion, consolidated the appeals.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant asserts the district court erred in sentencing him without affording him the opportunity to challenge the basis for his removal from the DA's post-plea program.[3]

---

[3] Defendant raises three issues: (1) the district court had jurisdiction to require an evidentiary hearing, and the district court was the appropriate venue to implement the substantial constitutional procedural protections; (2) his removal from the program without a hearing and the district court's sentencing of him to prison violated his procedural due process rights because there was never a determination as to whether he actually violated the terms and conditions of the post-plea agreement; and (3) the State did not prove that he violated the terms and conditions of the agreement. As discussed below, the State concedes that Defendant's first claim has merit

## DISCUSSION

In *State v. Avila,* 20-0478, p. 8 (La. App. 4 Cir. 3/31/21), 320 So.3d 456, 461, our Court concluded that the district court had jurisdiction to hold an evidentiary hearing prior to sentencing the defendant and that the defendant, prior to sentencing, was "entitled to an evidentiary hearing to determine whether she breached the diversion contract." The State, in its brief, concedes the issue: "*Avila* requires a hearing at which the State must prove by a preponderance of the evidence" that Defendant breached the terms of his post-plea program contract before he can be removed from the program. In this case, the State did not present any testimony or submit any evidence of Defendant's breach.[4]

The State, while acknowledging that the matter should be remanded for the purpose of conducting an evidentiary hearing to determine if Defendant violated the terms of his agreement, argues that Defendant's sentence should not be vacated. In support, the State asserts that Defendant failed to raise the issue of his sentence in his brief and, as such, this Court is precluded from vacating the sentence. According to the State, Defendant only mentions that he is seeking to have his sentence vacated in the last paragraph of his original appellate brief, wherein he states: "As such, this Court should vacate the trial court's February 6, 2020[] sentence…." The State is mistaken.  In setting forth the summary of his argument, Defendant asserts:

---

and this Court should remand the case to the district court on that basis, rendering defendant's two remaining claims premature at this juncture.

[4] As noted above in footnote 3, Defendant also claims that his procedural due process rights were violated by virtue of the district court's sentencing him without first conducting an evidentiary hearing to determine whether he violated the terms of his post-plea contract.  *Avila* did not squarely address this issue; however, in other jurisdictions where the matter has been adjudicated, the courts have determined that defendants have a right to procedural due process prior to their expulsion from post-plea programs. *See State v. Rogers,* 170 P.3d 881, 884 (Idaho 2007); *State v. Shambley,* 795 N.W.2d 884, 894 (Neb. 2011).

7

> [G]iven the identical issue of [Defendant's] termination from the [DA's] post-plea diversion program to that presented in *Avila,* this Court should grant [Defendant's] appeal, **vacate the trial court's February 6, 2020[] sentences**, and remand [Defendant's] cases for an evidentiary hearing at which he may challenge the basis for his removal from the post-plea diversion program. (emphasis added).

Further, the State attempts to limit the *Avila* decision to simply requiring a remand for the purpose of conducting an evidentiary hearing, referring to the Court's clear statement otherwise as *dicta.* Again, the State is mistaken. The *Avila* Court purposely included in its decree not only that an evidentiary hearing be conducted, but further that the defendant's sentence be vacated "because the district court sentenced Ms. Avila without first determining if she was in breach of the contract…." *Avila,* 20-0478, p. 8, 320 So.3d at 461. To determine that this matter be remanded for an evidentiary hearing without ordering that Defendant's sentences, imposed without a showing that Defendant had, in fact, breached the agreement, be vacated, would run counter to the clear dictate of the Court in *Avila.*

Furthermore, both the post-plea program contract and the plea agreement must be thoroughly reviewed by the district court, including a constitutional and legislative analysis. A determination must be made not only as to whether the contract was breached but also whether the plea agreement in and of itself is tainted for lack of due process and/or contrary to legislative enactments[5] such that the plea agreement may need to be vacated. In other words, post-plea DA programs

---

[5] *See supra* fn. 1 and accompanying text.

not based on statutory laws need examination because the taking of a plea activates

due process constitutional ramifications[6] and legislative direction.[7]

## CONCLUSION

Based on the foregoing, we vacate Defendant's sentences and remand this

matter for an evidentiary hearing consistent with this opinion.

**VACATED AND REMANDED**

---

[6] " '[A] criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law.' " *State v. Cardon*, 06-2305, p. 1 (La. 1/12/07), 946 So.2d 171, 171-72 (*quoting State v. Givens*, 99-3518, p. 14 (La. 1/17/01), 776 So.2d 443, 455).
[7] *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State ex rel. Esteen v. State*, 16-0949, p. 4 (La. 1/30/18), 239 So.3d 233, 236 ("[T]he fixing of penalties is purely a legislative function[.]"); *State v. Sugasti*, 01-3407, p. 5 (La. 6/21/02), 820 So.2d 518, 521 ("[S]entencing is the province of the legislature.").